James Marvin **FIELDS**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 55635.

Supreme Court of Missouri, Division No. 2.

May 10, 1971.

Russell G. Clark, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Presiding Judge.

Appellant, James Marvin Fields, was convicted of armed robbery by a jury in the Circuit Court of Greene County, Missouri, and his punishment was assessed at ten years. On direct appeal, his conviction was affirmed. State v. Fields, Mo.Sup., 434 S.W.2d 507.

Thereafter, appellant filed in the Circuit Court of Greene County, Missouri, his amended motion to vacate sentence under S.Ct. Rule 27.26, V.A.M.R. An evidentiary hearing was held with appellant and counsel present, the motion to vacate was denied, and this appeal followed.

A Hudson Oil Company filling station was robbed the evening of July 4, 1967. The robber instructed the attendants to travel in a certain direction and, after they crossed a fence, they heard what sounded like a shot. They then circled back and called "the law."

Police officers arrived about 11 p. m., and began a search for the robber. One of the officers saw appellant come out of a deep ditch about 200 yards north of the filling station, arrested him, and returned him to the filling station, where he was viewed by the victims. Appellant's shoes were taken from him at the filling station. Appellant was then taken to the police station and was given a nitrate test about 2:45 a. m. on July 5, 1967. The test disclosed "a moderately heavy concentration of nitrate" on appellant's right hand.

Appellant first contends that his "rights as guaranteed by the Fourth Amendment of the United States Constitution were denied by reason that his arrest was without probable cause and:

"1. The admission of the shoes into evidence and testimony concerning same were improper in that they were taken incidental to an unlawful arrest, and

"2. The evidence concerning the paraffin-nitrate test was inadmissible in that it was taken while appellant was being held following an unlawful arrest."

Appellant testified at the evidentiary hearing but presented no testimony at said hearing to demonstrate that the arrest he now questions was unlawful. Rather, he introduced into evidence the transcript of the trial and now asserts on appeal: "It is suggested to this court that the original transcript on appeal would clearly reflect that the arrest of James Marvin Fields was unlawful and was being made without probable cause. The original transcript will reflect that the arresting officer knew that a crime had been committed and he did

see appellant in the area of the crime and apparently knew that the appellant had a criminal record. These are the facts upon which the arrest was made and appellant feels that the law will not support an arrest made on these grounds."

■ Appellant cannot be permitted to support his position in this manner. He did not raise the question of lawfulness of the arrest at any time before, during, or after the trial. No evidence was directed to the issue by appellant or by the State. In this post-conviction proceeding, appellant "has the burden of establishing his grounds for relief by a proponderance of the evidence." Rule 27.26(f), V.A.M.R. Appellant has not met this burden.

Appellant next contends that "the rights of appellant as guaranteed by the Sixth Amendment of the United States Constitution were denied in that:

"1. Defendant was subjected to a 'one man line-up' without benefit of counsel, and

"2. The paraffin-nitrate test was taken from appellant without benefit of counsel."

■ The transcript of the trial shows that appellant was without counsel when he was viewed by the robbery victims after the robbery. In United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, the United States Supreme Court held that absence of counsel at a specified type of lineup renders a courtroom identification inadmissible unless the courtroom identification is based upon observations of the accused other than the lineup identification. However, the Wade and Gilbert cases do not assist appellant in this case. The transcript of the trial also shows that there was no courtroom identification of appellant by the robbery victims. Appellant suffered no prejudice.

■ The transcript of the trial shows that the paraffin-nitrate test was taken from appellant without counsel. However, we hold that such taking was not a "critical" stage of the criminal proceedings entitling appellant to the assistance of counsel. There is support for our holding in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; United States v. Wade, supra; and Gilbert v. California, supra. Cf. State v. Stevens, Mo.Sup., 467 S.W.2d 10.

The judgment is affirmed.

All of the Judges concur.