In *Moore* we set out the reasons for such a cause of action. It is difficult to conceive of a more pernicious evil than the misuse of the judicial system through false returns of process which deny a defendant his day in court, an opportunity to defend, and due process.

 Plaintiff submitted substantial evidence that she was not a resident of the house where the summons was served at the time of the alleged service. It was the residence of her brother, William, and had at one time been her residence, but she testified and produced additional evidence that she had moved prior to the date of service into St. Louis County. While defendant produced evidence intended to cast doubt on this element of plaintiff's proof, resolution of that question of fact is for the jury. Plaintiff's evidence established all of the elements necessary to support a cause of action for false return of process. Because, however, the jury was erroneously instructed a new trial must be granted. Plaintiff should be granted an opportunity to amend her petition to more clearly set forth her theory of recovery.

Judgment reversed and cause remanded for new trial.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges.

David G. Neal, Eminence, for movant-appellant.

John C. Danforth, Atty. Gen., Sheila K. Hyatt, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Larry Wayne McAfee appeals from the dismissal of his Rule 27.26 motion without an evidentiary hearing. Charged with auto tampering, appellant entered a guilty plea. He was placed on probation for a period of two years. Prior to the expiration of the probationary period, appellant was found to have violated the terms of probation. The trial court afforded appellant an opportunity to withdraw his guilty plea, imposed a five-year sentence, and placed appellant on parole in the custody of State Hospital No. 4 for treatment of alcoholism. Thereafter, appellant's parole was revoked and he was transferred to the Missouri Department of Corrections.

Appellant contends that the motion raises a claim of double jeopardy, but our reading

**Larry Wayne McAFEE,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 10092.**

Missouri Court of Appeals,
Springfield District.

May 19, 1976.

of the motion, transcript, and briefs on appeal does not lead us to that result. The motion consists of conclusions rather than facts which, if believed, would not entitle appellant to relief, and no evidentiary hearing was required. *Smith v. State*, 513 S.W.2d 407, 411[1] (Mo. banc 1974).

An opinion would have no precedential value. Judgment affirmed pursuant to Supreme Court Rule 84.16(b).

All concur.