Jerry Dee WILLIAMS,
Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. 37213.

Missouri Court of Appeals,
St. Louis District,
Division One.

June 29, 1976.

Application to Transfer Denied
Oct. 12, 1976.

---

Kevin M. O'Keefe, St. Louis, for plaintiff-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

McMILLIAN, Judge.

Appellant, Jerry Dee Williams, appeals from an order denying his Rule 27.26 motion to vacate his judgments and sentences.

Appellant claims that the court's findings (1) that he was advised of the consequences of his pleas of guilty, and (2) that he, in fact, was guilty of the offenses charged, were clearly erroneous.

On July 28, 1971, defendant and two others entered the home of Mr. and Mrs. Joseph Anderson and assaulted both of them. As a result of the assaults, Mr. Anderson died. The police arrested appellant on August 4, 1971, and the next day made a videotape of appellant's confession. The state charged appellant with murder in the first degree (Count I) and assault with intent to kill with malice (Count II). While being transferred from jail to Judge Tillman's court on February 1, 1972, for trial, appellant and his co-defendant escaped from the custody of the sheriff. Within a few minutes both were recaptured outside the courthouse. Thereafter appellant was returned to court and entered a plea of guilty to both counts.

At this hearing appellant and his co-defendant testified that, after their capture, four or five deputies beat them, causing head injuries to each of them. At the time of the beating, both said their hands were handcuffed behind their backs and the handcuffs, which were extremely tight, caused additional pain.

■ Pursuant to Rule 25.04, and before he accepted appellant's guilty pleas, Judge Tillman held a lengthy (16 typewritten 8½ × 11 pages) hearing to determine whether appellant's plea of guilty was made voluntarily and with an understanding of the nature of the charges. By implication, Rule 25.04 requires that an accused be advised of the consequences of his plea, including the punishment range. *State v. Conner*, 500 S.W.2d 300, 303 (Mo.App.1973).

■ Even a cursory reading of Judge Tillman's record of the acceptance of appellant's pleas of guilty shows beyond a doubt that appellant's pleas were voluntarily made and that he was effectively represented by counsel.

■ Appellant admitted at the Rule 27.26 hearing before Judge Geary that he discussed the range of punishment with his attorneys and that he knew that death was a possibility on one charge and the punishment ranged from five (5) years to life on the other; and that as a result of his guilty plea he would get life. Consequently, even though Judge Tillman did not inform defendant as to the range of punishment, Judge Geary quite properly found that defendant had knowledge of the range of punishment prior to his pleas of guilty before Judge Tillman. In *Conner*, the court held although defendant was not advised by the trial court as to the range of punishment, defendant was not entitled to withdraw a plea of guilty since the evidence at the Rule 27.26 hearing showed defendant had knowledge of the punishment range.

The record supports completely the findings of Judge Geary that Judge Tillman advised appellant of the consequences of his pleas of guilty. Not only did the prosecutor make a statement of facts as to his evidence, but also appellant admitted that his pleas were neither forced, coerced, nor made as a result of any threats or promises. Appellant also acknowledged that he was waiving his constitutional rights to have a speedy trial before a jury, to call witnesses on his own behalf, and to cross-examine the state's witnesses, as well as the presumption of innocence. Judge Tillman also developed that defendant knew he was to get a life sentence on the murder charge, that said sentence was to run concurrently with a ten (10) year sentence given by another court, and that the life sentence for the assault charge was to run "consecutively with the sentence imposed in Count I."

While it is true that at the guilty plea hearing appellant expressed some equivocation about his involvement, nonetheless appellant admitted that the narrative of the event given by the prosecutor was substantially correct; that he was pleading guilty "because, I believe I think I am guilty" and that he made the videotaped confession which admitted he was at the scene, had been drinking, went into the old couple's home to take some money, and took a gun and watch.

Appellant's claim that his pleas were invalid because his answers were equivocal, is rejected. A trial judge is not bound by appellant's answers. *Williams v. State*, 530 S.W.2d 740, 742 (Mo.App.1975) and *Campbell v. State*, 515 S.W.2d 453, 455 (Mo.1974). Here the trial court (1) heard a narrative from the prosecutor of the state's evidence, (2) reviewed excerpts of the evidence in order to get appellant's responses and his answers thereto, and (3) spent one hour and a half viewing the videotape of appellant's confession.

In *Rayford v. State*, 504 S.W.2d 285, 289 (Mo.App.1973), and *Collins v. State*, 450 S.W.2d 186, 190 (Mo.1970), we noted that a defendant's state of mind is to be decided by the court and that the plea of guilty is to be considered against the totality of the circumstances which preceded the entry of the plea. Consequently, since the trial court determined the pleas to be voluntary and since the transcript of the proceedings indicated appellant's belief of guilt, we hold that Judge Geary's findings, conclusions and order denying appellant's motion to vacate sentences and judgments are not clearly erroneous.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.