James Robert HOOPER,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 37377.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Elberg Dorsey, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Nanette K. Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

James Robert Hooper, movant-appellant, appeals from an order of the circuit court granting the state's motion to dismiss, without hearing, his application for relief pursuant to Rule 27.26. We affirm.

In September, 1974, four months after a medical determination of appellant's competency was filed with the court, appellant pleaded guilty to charges of second degree murder and assault with intent to kill with malice. After conducting an examination as required by Rule 25.04, the court accepted the pleas and sentenced appellant to terms of forty (40) and twenty (20) years respectively, on the charges, with sentences to run concurrently. On May 28, 1975, movant-appellant initiated the present action. As grounds for vacating and setting aside his conviction and sentence, appellant alleges that: his plea was entered involuntarily because he was suffering from alcohol withdrawal at the time of the plea; the trial court failed to determine whether appellant possessed the capacity to understand the plea proceedings; appellant was entitled to a competency hearing because, on the day of the plea, there existed a doubt as to appellant's mental capacity; and that his plea was involuntarily made because appellant was under the influence of medication at the time the plea was made. On August 1, 1975, the state filed its motion to dismiss stating that, from the record of the case, appellant was entitled to no relief. On August 15, 1975, the circuit court sustained

the state's motion in an order which set forth its findings of fact and conclusions of law.

On appeal, movant raises two issues: that the trial court erred in denying him an evidentiary hearing in which to prove his allegations because mere compliance with Rule 25.04 in the taking of a guilty plea does not foreclose the court from holding an evidentiary hearing to determine the voluntariness of the plea; and that the trial court erred in its order because it did not sufficiently state its findings of fact and conclusions of law.

A motion under Rule 27.26 is a civil action—27.26(a); upon review we are limited to a determination of whether the trial court's findings, conclusions and judgment are clearly erroneous—27.26(j). *Anderson v. State*, 493 S.W.2d 681, 683 (Mo. App.1973) and *Hall v. State*, 496 S.W.2d 300, 303 (Mo.App.1973). The current rule which guides the courts of this state in making a determination on whether to conduct an evidentiary hearing on a motion to vacate a guilty plea was first set out in *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974), as follows: ". . . A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead facts, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing."

In his first point on appeal, movant contends that even though the court conducted an examination which substantially complied with the requirements of Rule 25.-04, he should have been granted a hearing on his motion because the four grounds raised in his motion were not refuted by the record made at the time. See *Colbert v. State*, 496 S.W.2d 12 (Mo. banc 1973) and 39 Mo.L.Rev. 68 (1974). The first and fourth grounds raised by movant were that his plea was involuntary because he was suffering from alcohol withdrawal symptoms and was under the influence of medication. Movant's own testimony at the time of the plea refutes these contentions. The second and third grounds were that the trial court should have ordered a psychiatric examination and held a competency hearing because movant's mental capacity was in doubt. As noted above, movant had been granted a psychiatric examination by the court prior to the time of his pleas. The findings of that report were introduced into evidence at the request of the court at the time of his pleas. The report established that movant was competent to stand trial. Movant's argument seems to be that his condition deteriorated between the time of the examination and the time of his pleas to such an extent that his pleas were rendered involuntarily. Our reading of the plea proceedings convinces us that movant understood the charges against him, and voluntarily entered his pleas. We find evidence neither that movant's condition warranted a second examination or a competency hearing, nor that movant requested any such measures. ". . . The court is not required to conduct a competency hearing *sua sponte* in the absence of circumstances which render suspect the psychiatric opinion which has certified an accused fit to proceed. . ." *Davis v. State*, 517 S.W.2d 97 (Mo.1974). We find that the contentions raised by movant were refuted by the record and that the circuit court's order was not, therefore, clearly erroneous in denying an evidentiary hearing.

Movant's second issue on appeal is that the circuit court erred by failing to sufficiently state its findings of fact and conclusions of law on all the issues before the court. We find no merit to this contention. The transcript contains more than four (4) pages of findings of fact and conclusions of law which adequately sets forth the grounds upon which the court based its decision to deny movant a hearing.

Accordingly, judgment is affirmed.

WEIER, P. J., and RENDLEN, J., concur.