Charles Edward **WIMBERLY**,
**Movant-Appellant**,

v.

**STATE of Missouri, Respondent.**

**No. 37433.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Jan. 18, 1977.

Motion for Rehearing or Transfer
Denied March 15, 1977.

Application to Transfer Denied
May 10, 1977.

---

Robert C. Babione, Public Defender, Mary Louise Moran, Asst. Public Defender, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Robert M. Sommers, Asst. Attys. Gen., Jefferson City, for respondent.

NORWIN D. HOUSER, Special Judge.

Appellant filed a motion under Rule 27.26 to vacate a life sentence for first degree robbery, entered upon a plea of guilty. The court appointed the public defender to represent him. The court reviewed the files, records and transcript of the hearing at which the plea was entered and overruled the motion without according appellant an evidentiary hearing. The court filed findings of fact, conclusions of law and an order setting forth the history of the case, thoroughly reviewing each assignment in the 27.26 motion in the light of the facts elicited at the guilty-plea hearing, making specific findings of fact and conclusions of law adverse to appellant on each of appellant's allegations, and stating the reasons for denying relief.

Appellant contends the court erred in overruling the 27.26 motion and denying him an evidentiary hearing because (1) his plea of guilty was null and void in that he was under the influence of narcotic drugs when the plea was entered; (2) he was denied effective assistance of counsel; (3) his plea was involuntary in that he was misled by counsel into believing that he would receive a 5-year sentence, and (4) his plea was accepted without an adequate determination by the trial court that the plea was voluntary and made with understanding of the nature of the charge.

To be entitled to an evidentiary hearing of a Rule 27.26 motion to vacate a sentence imposed on a plea of guilty the movant "must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974).

(1) Pleading guilty under influence of drugs?

At the guilty plea hearing appellant, 43 years of age, was asked numerous questions testing his knowledge and understanding of the procedure in which he was involved. There was no difficulty in his comprehension, understanding and grasp of the various areas of interrogation, and of the specific inquiries. His answers were

lucid, coherent and responsive to the questions. His answers demonstrated as a matter of law that he was mentally competent, alert and in full possession of his mental facilities. He submitted and filed a letter from Malcolm Bliss Health Center stating that he "gave no indication of either physical or psychological pathology." The court asked appellant "Are you at the present time under the influence of any alcohol, narcotics or medication?" He answered, "No, sir." Appellant's present allegations as to incompetency on the ground of narcotic influence were "obviously refuted by [his] statements at the plea proceedings and [do] not support his claim that he was entitled to a hearing." *Smith v. State,* supra, 513 S.W.2d l. c. 411[5]. "Movant's own testimony at the time of the plea refutes these contentions." *Hooper v. State,* 541 S.W.2d 773, 774[3] (Mo.App.1976). Nothing about appellant's appearance or demeanor at the time he pleaded guilty supported the allegations in his 27.26 motion with reference to mental incompetence due to being under the influence of narcotic drugs. The circuit court so found. Neither appellant nor either of his two different attorneys, one at the guilty plea hearing, the other at the probation revocation hearing, suggested any doubt as to appellant's mental competency or intimated that he had been under the influence of narcotics when he pleaded guilty. Only after probation was revoked and he was incarcerated did appellant advance this contention. The tardiness of the claim reflects upon its good faith, sincerity and credibility.

Not only does the transcript refute the contention that when he pleaded guilty appellant was mentally incompetent, but appellant's motion under Rule 27.26 fails to allege that such mental incompetence is not refuted by facts elicited at the guilty plea hearing, which is a requisite under *Smith v. State,* supra. The sentence and judgment should not be vacated on this ground.

(2) Denial of effective assistance of counsel?

On this phase of the case appellant pleaded conclusions, not facts; that counsel had only conversed with appellant "a few times," insufficient to constitute "an adequate investigation of the legal and factual matters involved in the case." How many times? How long and how thoroughly each time? What legal and factual matters? No facts alleging ineffectiveness are alleged. There is no showing that a defense could have been discovered or aided by further investigation. The reason is patent. The crime was witnessed by a police officer who gave chase. The officer saw appellant throw the money down during the chase. Appellant was apprehended after a short run. The wallet was found in appellant's possession. Appellant admitted these facts. It is impossible to see how further investigation of the facts surrounding the crime would have effectively aided appellant's cause in this situation. The burden was on appellant to "make some statement of what [his counsel's] ineffectiveness consisted before the trial court [was] required to * * hold an evidentiary hearing." *State v. Miner,* 498 S.W.2d 814, 815 (Mo.App.1973). Appellant failed to meet that burden.

(3) Appellant misled by counsel to believe he would receive a 5-year term?

The transcript refutes this contention. Appellant stated to the sentencing judge that he understood that on a plea of guilty he could be imprisoned "for anywhere from five years up to the rest of [his] natural life" and that no promises had been made "what would happen if he plead guilty." The State recommended 10 years, but the judge openly disagreed with the recommendation on the ground that he would be released in a few years and because of appellant's bad record (a narcotics problem for 25 years; five previous felony convictions) he would "be right back in [his present] situation." The court said that in view of appellant's expressed desire to be allowed probation for the purpose of undergoing the NARA program, the object of which is to cure a drug addict, the court was willing to give him the opportunity to successfully complete the NARA program. The court told appellant he was not going

to follow the circuit attorney's recommendation (of 10 years' imprisonment); that the court intended to sentence appellant to life imprisonment, and give him a chance to "make something" of what remained of his life by granting probation, conditioned that he successfully complete the drug-cure program, failing in which probation would be revoked and "the key thrown away." Appellant indicated that he understood this. Significantly, appellant at that time made no mention of any understanding or belief that he would receive a 5-year sentence. Instead, appellant willingly consented to and acquiesced in the judge's announced intentions. Thereafter, while on probation, appellant committed a burglary, pleaded guilty to burglary, second degree, and was sentenced to 6 years' imprisonment in another division of the court. At the hearing on revocation of probation appellant acknowledged all of the foregoing; admitted that he had stated at time of sentencing that he would willingly "take the probation with the life sentence"; that he had admitted in court that he was either going to spend the rest of his life in jail or that narcotics were going to kill him, and made no contention at the revocation hearing that he had been led to believe that he would only get 5 years. There is no merit in contention (3), which bears all the earmarks of an afterthought.

■ (4) Plea involuntary and made without understanding the nature of the charge?

The transcript refutes this contention. Appellant stated he had told his lawyer he wanted to plead guilty to the charge; that he was doing this of his own free will, with a full understanding of his rights (explained to him in detail by the judge) and of the effect of a guilty plea. The circuit attorney recited the facts. Appellant readily admitted the truth of the recital, which demonstrated every essential element of first degree robbery. Appellant denied there had been any threats or promises. He admitted he understood the minimum and maximum penalties. He wished the court to accept his plea of guilty. Asked if he understood he was to be sentenced to life imprisonment, he replied affirmatively. He expressed his desire to try to successfully complete the drug-cure program. He stated he had no legal cause or reason why sentence and judgment should not be pronounced. The trial court took every precaution to see that appellant's plea of guilty was voluntary, and that he was entering his plea with a full understanding of the nature of the charge. The court's patient and thoroughgoing conduct of the hearing and evident concern to see that accused was given every protection the law affords is a model of judicial propriety and rectitude. *Taylor v. State*, 539 S.W.2d 589[4] (Mo.App.1976); *Williams v. State*, 538 S.W.2d 759[4] (Mo.App.1976).

The files and records of the case, including the transcription of the hearing at which appellant pleaded guilty and the later hearing on revocation of probation (extending through 11 pages and 6 pages, respectively, in the transcript) conclusively show that appellant is entitled to no relief, and that there was no error in so declaring. *Winfield v. State*, 541 S.W.2d 572 (Mo.App. 1976); *Hogshooter v. State*, 514 S.W.2d 109 (Mo.App.1974); *Smith v. State*, supra; *Kellick v. State*, 536 S.W.2d 517[2] (Mo.App. 1976); *Snethern v. State* 537 S.W.2d 250 (Mo.App.1976); *McAfee v. State*, 537 S.W.2d 444 (Mo.App.1976).

Judgment affirmed.

SMITH, P. J., and ALDEN A. STOCKARD, Special Judge, concur.