Terry STEVENS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10493.

Missouri Court of Appeals,
Springfield District.

Jan. 3, 1978.

Ted M. Henson, Jr., Scott and Henson, Poplar Bluff, for movant-appellant.

John D. Ashcroft, Atty. Gen., Jeff W. Schaeperkoetter, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Appellant Terry Stevens, presently serving a 25-year sentence for sodomizing a ten-year-old boy, was denied postconviction relief on his claim of ineffective assistance of counsel and appealed. We affirm.

Initially, we overrule the state's motion to dismiss this appeal or in the alternative to strike appellant's brief for violation of Rule 84.04(c), V.A.M.R., which requires the statement of facts in a brief "shall be a fair and concise statement of the facts rele-

vant to the questions presented for determination without argument."

We agree appellant's statement of facts is not a fair and impartial one, but on the contrary, and in violation of the rule, contains incorrect summaries of portions of appellant's and his trial counsel's testimony at the evidentiary hearing and is argumentative. While we would be authorized to dismiss the appeal [*State v. Schulten*, 529 S.W.2d 432 (Mo.App.1975)], the exercise of our discretion in this respect should not mislead those who choose to ignore the rules governing appellate briefs. "We no longer can afford the luxury of doing the work of an advocate on appeal." *Cole v. Cole*, 516 S.W.2d 518 (Mo.App.1974).

Appellant's Rule 27.26, V.A.M.R., motion alleged his trial counsel failed to contact and subpoena various alibi witnesses for his trial. He also averred his attorney failed to file a timely motion for a new trial, thereby depriving him of his right of appeal.

The special judge assigned to hear this proceeding conducted an evidentiary hearing. Appellant and his mother testified they had furnished the attorney with names of two witnesses who could support his alibi that he was in the extreme southern part of Arkansas at the time the child was victimized in Doniphan, Missouri. The attorney testified neither the appellant nor his mother advised him the two witnesses could verify the claim that appellant was in southern Arkansas on the date of the crime. The attorney testified that because the testimony of the purported witnesses would not prove or disprove any of the issues in the case, he did not interview or subpoena them.[1] The attorney, a former Butler County prosecuting attorney, had been a member of the Missouri Bar for more than twenty years and during that time had prosecuted and defended a host of criminal cases. Other alibi witnesses were called on behalf of the defendant at his trial, but to no avail.

The trial court filed findings and conclusions in support of his determination that appellant's trial attorney was not guilty of ineffective assistance of counsel in defending appellant.

▇▇▇ The credibility of the witnesses testifying at the evidentiary hearing is a matter for the trier of fact and the court specifically rejected appellant's evidence. *McLallen v. State*, 543 S.W.2d 813 (Mo.App. 1976). An appellant charging ineffective assistance of counsel carries a heavy burden and must demonstrate he was deprived of a fair trial because of his attorney's acts or omissions. *Arnold v. State*, 545 S.W.2d 682 (Mo.App.1976); *Owens v. State*, 543 S.W.2d 810 (Mo.App.1976). And, as the hearing judge mentioned in his findings, the matter of which witnesses to call on behalf of a defendant involves trial strategy [*Williams v. State*, 536 S.W.2d 190 (Mo.App.1976)] and hindsight or second-guessing the trial attorney is not a proper test. *Cook v. State*, 511 S.W.2d 819 (Mo.1974). Appellant's attorney had the right to exercise his professional judgment as to which alibi witnesses to present at the trial. *McNamara v. State*, 502 S.W.2d 306 (Mo.1973).

▇▇▇ At the hearing the appellant offered no testimony in support of his claim of being deprived of his appeal. He testified unequivocally his *only* complaint concerning his attorney pertained to his defense of alibi. The mere failure to take an appeal does not constitute ineffective assistance of counsel. *Brown v. State*, 512 S.W.2d 404 (Mo.App.1974). It is only where the defendant in a criminal case wishes to appeal and his attorney either refuses or negligently fails to pursue the appeal that the question of ineffective assistance of counsel arises. *Green v. State*, 451 S.W.2d 82 (Mo.1970). There is no evidence the defendant desired or instructed his attorney to prosecute an appeal. Appellant's ground in this respect does not prove itself and on the record presented, we deem the matter abandoned.[2]

---

1. The alleged witnesses lived near the Arkansas-Louisiana line.

2. A motion for new trial was filed one day late and another attorney appealed the case in appellant's behalf. We reviewed the case under Rule 28.02 and for plain error and affirmed appellant's conviction in *State v. Stevens*, 529 S.W.2d 670 (Mo.App.1975).

We conclude the findings, conclusions, and judgment of the trial court are not clearly erroneous and affirm the judgment. Rule 27.26(j); *Hooper v. State,* 541 S.W.2d 773 (Mo.App.1976).

All concur.