Robert Gene BURROUGHS, Movant,

v.

STATE of Missouri, Respondent.

No. 40238.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 27, 1979.

Robert C. Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for movant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant, Robert Gene Burroughs was convicted of first degree robbery and was sentenced to fifteen years in the Missouri State Penitentiary. His conviction was upheld on appeal. *State v. Burroughs,* 559 S.W.2d 42 (Mo.App.1977). Movant sought to have the judgment vacated pursuant to Rule 27.26 on the grounds that he had been denied effective assistance of counsel. Movant contended that due to counsel's failure to call Ms. Ford, an eyewitness, to testify and because counsel strongly advised Movant *not* to testify in his own behalf, he was denied a fair trial.

At the evidentiary hearing Movant testified that he informed his attorney, Mr. Townsley, several months before trial, that Ms. Ford was willing and able to testify. Movant gave Mr. Townsley Ms. Ford's address. Movant further stated that he wanted to testify in his own behalf and had so advised his attorney on several occasions.

When called to testify at the hearing, Mr. Townsley explained his investigative procedures and his trial strategy. Mr. Townsley stated that he had interviewed the alleged purchaser of the stolen property, a Mr. Fritz, but had concluded that his testimony would not be helpful. Mr. Fritz was unsure of the facts and was unwilling to testify. The information which he was willing to provide indicated that the Movant was a party to the offense. Such testimony would have been clearly detrimental to the Movant's case.

Ms. Ford, the eyewitness whom Movant wanted to call to testify was his wife's sister. Mr. Townsley discussed with Movant's wife, Ms. Burroughs, the possible use of Ms. Ford as a witness for the Movant. Ms. Burroughs was of the opinion, however, that her sister might attempt to place all the blame on the Movant thereby exculpating her boyfriend who had also been involved in the incident. This discussion and the fact that Ms. Ford was very young led Mr. Townsley to believe that her testimony would not be beneficial to his client's case. Despite these facts Mr. Townsley told Ms. Burroughs to have her sister call him. Ms. Ford never contacted him although she later testified that she was at all times willing and available to testify.

Movant also contended that during the course of trial preparation that he asked to be allowed to testify in his own behalf. Mr. Townsley advised him repeatedly that to do so would seriously jeopardize his case because his prior convictions would be revealed on cross examination. The Movant himself admitted, during his testimony at the hearing, that his attorney did not prohibit him from taking the stand but merely advised him not to do so.

The trial court denied relief on the motion concluding that the Movant failed to prove by a preponderance of the evidence that his counsel's omissions resulted in a substantial deprivation of the right to a fair trial.

The permissible scope of this court's review is limited. We must decide whether the findings, conclusions and judgment of the trial court in denying Movant relief were clearly erroneous. Rule 27.26(j); *Noble v. State,* 552 S.W.2d 267, 272 (Mo.App. 1977). We hold that they were not.

 An attorney is presumed to be competent in the manner in which he conducts pretrial preparation and in the tactics he employs during trial. *Pickens v. State,* 549 S.W.2d 910, 912 (Mo.App.1977); *Haynes v. State,* 534 S.W.2d 552, 554 (Mo.App.1976). The burden lies with the party asserting that counsel has not competently handled his case to prove it by a preponderance of the evidence. Rule 27.26(f); *Babcock v. State,* 485 S.W.2d 85, 89 (Mo.1972). This burden is particularly onerous in this regard because of the wide latitude granted counsel in the preparation for and conduct of trial. *Stevens v. State,* 560 S.W.2d 599, 600 (Mo.App.1978); *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973). Deciding which witnesses to call or whether to call any witnesses is a matter of trial tactics and within the purview of counsel's exercise of professional judgment. *Stevens* at 600; *Williams v. State,* 536 S.W.2d 190, 192 (Mo. App.1976). Counsel testified that he investigated, to some degree, both witnesses suggested by the Movant but concluded that neither would be helpful to his case. The trial court chose to believe the attorney's testimony. This is purely a question of credibility which is for the trial court to determine. We will defer to its finding in this regard. *Campbell v. State,* 515 S.W.2d 453, 456 (Mo.1974).

The trial court found, as a matter of law, that, in the light of the particular circumstances of this case, counsel's investigation was sufficient. We do not find this conclusion by the court to be erroneous.

Point one is ruled against the Movant.

Movant's second point, that counsel deprived him of the opportunity to testify to the jury, is not supported by the evidence. It is, therefore, without merit. The evidence offered by both counsel and Movant at the hearing on the motion indicated that the Movant wanted to testify and that counsel exercised his professional judgment as to whether Movant should testify and decided, that, in light of his past convictions, he should not. It is not for this court to determine whether counsel should have adopted a different trial strategy. *State v. Davis,* 505 S.W.2d 115, 118 (Mo.App.1974).

Point two is ruled against Movant.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.