**Billy Ray KIMBALL, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14571.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 18, 1986.

Motion for Rehearing or to Transfer
to Supreme Court Denied
Jan. 9, 1987.

Allen G. Rose, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

**320**

GREENE, Presiding Judge.

Billy Ray Kimball, Jr. appeals from a denial of his motion to vacate sentences imposed after he entered pleas of guilty to charges of first degree assault, first degree robbery, kidnapping, and armed criminal action.

The facts leading to the filing of the charges are as follows. On April 23, 1983, Kimball and an accomplice, Kenneth Conway, drove to Randy's Gift Land, which was a store located in New Madrid County, Missouri. Kimball, armed with a .38 caliber pistol, entered the store and asked the clerk, Gary Alley, to get him a pack of cigarettes. Kimball then produced the pistol and demanded money. Alley gave Kimball approximately $280 which was in the store's cash register. Kimball then accused Alley of recognizing him. After an abortive attempt to shoot Alley, which failed because the gun misfired, Kimball forced Alley, at gunpoint, to leave the store and enter the automobile driven by Conway.

Conway drove the trio to a nearby field where Kimball, after stripping Alley of his identification, watch, and pocket change, shot Alley in the neck, and left him to die. However, Alley survived and was able to identify Kimball as the person who robbed and shot him. Kimball and Conway were apprehended and Kimball gave a statement admitting the robbery and shooting. The money obtained in the robbery was recovered from the homes of Kimball and Conway.

Due to the nature of the crimes, Kimball's attorney was unable to obtain a plea bargain agreement with the prosecutor. On the morning the case was set for trial, Kimball changed his not guilty pleas previously made to pleas of guilty. The trial judge, after receiving a presentence investigation report, sentenced Kimball to consecutive terms of life imprisonment on the assault and robbery charges, 15 years for the kidnapping, and 3 years for the armed criminal action offense, with the latter two sentences to run concurrent to the life sentences.

After incarceration, Kimball filed a motion to vacate his sentences, pursuant to Rule 27.26,[1] claiming that his guilty pleas were not voluntarily given due to ineffective assistance of counsel. The trial court, after evidentiary hearing, made findings of fact and conclusions of law, and denied the motion.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j).

In his first point relied on, Kimball contends that he was forced to plead guilty because his attorney was not prepared to go to trial and, therefore, his guilty pleas were not voluntarily given. Kimball has the burden of proving these contentions. *Ragan v. State*, 595 S.W.2d 734, 737 (Mo. 1980).

The record not only refutes this claim, but also shows that the trial attorney had access to the prosecutor's open file, was provided with copies of statements of all of the state's witnesses, had investigated the possibility of a voluntary intoxication defense, and showed every indication of being prepared for trial, if such was Kimball's wish. Kimball changed his mind the day before trial, and advised his lawyer that he wished to plead guilty. There is nothing in the record to indicate that Kimball's pleas were entered as the result of coercion or promises made by his trial counsel.

In addition, the transcript of the guilty plea proceeding reflects that the trial judge asked Kimball if he was fully satisfied with the services of his attorney to which question Kimball answered, "Yes sir, I am," and further indicated that his attorney had done everything Kimball had asked him to do in connection with the case. There is nothing in the record to indicate ineffectiveness of trial counsel at any stage of the proceedings. In its finding, the motion court concluded that the guilty pleas were

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

voluntarily and freely made, that there was a factual basis for the pleas, and that Kimball had been represented by competent trial counsel who had fully advised Kimball of his rights before the pleas were entered. These findings and conclusions are supported by the record and are not clearly erroneous.

Kimball next contends that his guilty pleas were involuntary because the trial court did not fully inform him as to the maximum and minimum sentences that could be imposed upon him, as is required by Rule 24.02(b), in that he was advised that the minimum sentence for first degree assault and first degree robbery was 15 years imprisonment when, in fact, it was 10 years.

It is true that the transcript of the guilty plea proceedings shows that in response to the court's question as to whether he had explained the range of punishment on the charges to Kimball, his counsel told the trial judge that the range of punishment on the two charges in question was "a term of years, fifteen to thirty, or life in the Department of Corrections."

On this issue, the motion court found and concluded that before the pleas were entered, Kimball had a full understanding of the maximum and minimum sentence that could be imposed on each charge, and that while defense counsel had misstated the minimum punishment for the two charges, the correct minimum sentence for each charge was set out in the original and amended informations, which Kimball had seen and had been fully informed about, and that he was not prejudiced by the misstatement of counsel.

These findings and conclusions are supported by the record and are not clearly erroneous. *See Griffin v. State,* 684 S.W.2d 425, 427 (Mo.App.1984), for a similar fact situation where the court held that substantial compliance with Rule 24.02(b) was sufficient. Such is the case here. The point is denied.

In his final point, Kimball contends that the original and amended informations were "tampered with." No allegation is made as to what portion of the informations had been tampered with, who did it, or how such alleged tampering prejudiced Kimball's rights. There is nothing for us to review on this point.

The order of the motion court denying Kimball's motion to vacate his sentences is affirmed.

CROW, C.J., and TITUS, J., concur.