**Randall Lee BARKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15673.**

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 8, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied Dec. 21, 1988.

Gary M. Wilson, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

On November 1, 1979, Randall Lee Barker ("movant"), pursuant to a plea agreement, entered pleas of guilty to robbery in the first degree, § 560.120, RSMo 1969, and stealing a motor vehicle, § 560.156, RSMo 1969,[1] and was sentenced to concurrent prison terms of 25 years and 10 years, respectively. A third charge of stealing a motor vehicle was dismissed.

On October 26, 1987, movant commenced a proceeding under Rule 27.26, Missouri Rules of Criminal Procedure (18th ed. 1987), to vacate the judgment and sentences.[2] The circuit court, henceforth referred to as "the motion court," after an evidentiary hearing, entered findings of fact, conclusions of law and judgment denying relief.

Movant appeals, briefing one assignment of error. It avers:

> "The [motion] court erred ... when it denied movant's Rule 27.26 motion ... when the preponderance of the evidence presented demonstrated that, at the time movant entered his plea of guilty, he was unaware of the range of punishment provided for the charges brought against him and was not properly so informed by his attorney or the trial court. Consequently, movant's plea of guilty was not knowingly and intelligently made."

The range of punishment for the charge of robbery in the first degree against movant was imprisonment by the division of corrections for not less than five years. § 560.135, RSMo Cum.Supp.1975. The range of punishment for the charge of stealing a motor vehicle against movant was imprisonment by the division of corrections for not more than ten years nor less than two years, or by confinement in the county jail for not more than one year, or by a fine of not more than one thousand dollars, or by both such fine and confinement. § 560.161, RSMo Cum.Supp.1975.

Movant, testifying in the motion court, asserted the lawyer who represented him at the time he pled guilty—henceforth referred to as "defense counsel"—never explained the minimum and maximum penalties prescribed by law for robbery in the first degree and stealing a motor vehicle. Movant added that defense counsel never explained there was a possibility movant could receive a sentence of less than 25

1. Both crimes were alleged to have been committed in August, 1978, prior to the effective date of The Criminal Code, Laws 1977, S.B. 60, pp. 658–718, which took effect January 1, 1979.

2. Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed. 1988). The instant proceeding continues to be governed by Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed. 1988).

years if movant took his case to trial. Furthermore, said movant, at the time he pled guilty the judge who accepted the pleas—henceforth referred to as "the plea court"—did not explain the maximum and minimum punishments for the offenses with which movant was charged, nor did the plea court inform movant there was a possibility movant would receive "a more lenient sentence" than 25 years. Consequently, declared movant, so far as he knew the 25–year sentence he received "could have very well been the minimum sentence prescribed." Movant insisted that had he known there was any possibility he could have received a lesser sentence than 25 years, he would not have pled guilty.

Movant conceded on cross-examination that in his pro se motion under Rule 27.26 he had alleged defense counsel advised him he could receive a life sentence, so to that extent his (movant's) testimony about lack of advice regarding the range of punishment was incorrect.

Defense counsel, called as a witness by the State at the evidentiary hearing in the motion court, explained he was present with movant when the latter was arraigned, and that he (defense counsel) received a copy of the felony information at that time. Defense counsel subsequently reviewed the information with movant and showed it to him. Defense counsel testified that the felony information listed the range of punishment for each charge, and that he read movant the range of punishment for the charges from the information. Defense counsel added:

> "The plea agreement ... was for the purpose—the reason I recall talking with him about the range of punishment—it was for the express purpose of limiting the exposure that he would have. It was up to life imprisonment, as well as a possible consecutive sentence on the stealing of the vehicle on the night of the robbery. So in order to limit that exposure, and based upon the fact that he was a walkaway from Fordland and had another conviction down in Texas, it was agreed that the Prosecutor's Office would recommend a sentence of not more than twenty-

five years on the robbery and ten years on the theft of the vehicle, with the further agreement that those two sentences would run concurrently with one another.

....

Q Did you discuss limiting Mr. Barker's exposure with him?

A Yes.

Q Did he ever make any statements to you admitting that he understood this was the purpose of the plea bargain?

A Well, we talked about it several times and each time that I talked to him he expressed to me that he was understanding what I was talking about...."

The motion court, with the consent of both parties, took "judicial notice of all of the contents" of the circuit court's file in the robbery and stealing case. That file included, among other things, the felony information which, on its face, set forth the correct range of punishment for each crime to which movant pled guilty. The motion court, in denying relief, found that movant was advised by defense counsel of the range of punishment for the crimes with which movant was charged, and that the information stated the range of punishment on its face.

Movant asserts in his brief that Supreme Court Rule 24.02(b)1 mandates that before accepting a plea of guilty the trial court must determine that the accused understands the mandatory minimum penalty and the maximum possible penalty provided by law for the charge to which the plea is offered. Movant ignores, however, that Rule 24.02, as it presently exists, was not in effect November 1, 1979, when movant entered his pleas of guilty. The version of Rule 24.02 in effect at that time pertained to amendment of an information and substitution of an information for an indictment. It did not concern the acceptance by a trial court of a plea of guilty. That subject was covered by Rule 25.04, Missouri Rules of Criminal Procedure (10th ed. 1979), at the time movant entered his pleas of guilty. Such rule stated, in pertinent

part: "The court ... shall not accept the plea [of guilty] without first determining that the plea is made voluntarily with understanding of the nature of the charge."

In *Williams v. State*, 538 S.W.2d 759 (Mo.App.1976), the accused entered pleas of guilty to murder in the first degree and assault with intent to kill with malice. He subsequently brought a proceeding under Rule 27.26 to vacate the judgment and sentences. The circuit court denied relief. On appeal the Eastern District of this Court said that by implication Rule 25.04 required that an accused be advised of the consequences of his plea, including the punishment range. *Id.* at 760[1]. *Williams* went on to hold, however, that even though the judge who accepted the accused's pleas of guilty did not inform the accused of the range of punishment, the accused was not entitled to have his convictions vacated inasmuch as he admitted at the evidentiary hearing on the 27.26 motion that he knew the maximum punishment on one charge was death and the range of punishment on the other charge was imprisonment from five years to life, having discussed the range of punishment with his attorneys. *Id.* at 760. Therefore, said the opinion, as the evidence at the 27.26 hearing showed the accused had knowledge of the range of punishment, and the circuit court conducting such hearing so found, the accused was not entitled to withdraw his pleas. *Id.* at 760[3].

Other cases affirming the denial of post-conviction relief where the circuit court accepting a plea of guilty failed to advise the accused of the range of punishment but the accused was nonetheless aware of it from other sources include *Griffin v. State*, 684 S.W.2d 425 (Mo.App.1984), and *Kimball v. State*, 722 S.W.2d 319 (Mo.App.1986).

Consequently, the dispositive question in the instant appeal is whether movant, at the time he entered his pleas of guilty, knew the range of punishment for both crimes despite the failure of the plea court to so inform him. The motion court, as we have seen, found that defense counsel had advised movant of the range of punishment for each crime prior to entry of the pleas.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984). Movant bore the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Fields v. State*, 466 S.W.2d 679, 681[2] (Mo.1971). The motion court was not obliged to believe movant's testimony, *State v. Hurtt*, 509 S.W.2d 14, 16[5] (Mo.1974), as the motion court had the right and duty to pass upon the credibility of the witnesses, *State v. Shields*, 441 S.W.2d 719, 719[2] (Mo.1969).

As noted earlier the felony information charging the crimes to which movant pled guilty set forth on its face the correct range of punishment for each crime. Defense counsel testified at the evidentiary hearing in the motion court that he reviewed the information with movant, showed it to him, and read him the range of punishment for each crime. The motion court, as was its prerogative, *Cage v. State*, 573 S.W.2d 73, 74 (Mo.App.1978), found defense counsel's testimony credible, and obviously disbelieved movant's testimony. Movant therefore failed to establish that at the time he pled guilty he was unaware of the of the range of punishment for the charges against him. It is thus manifest that the motion court's denial of relief was not clearly erroneous.

Judgment affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.