Allen Edward SMITH, Movant, Appellant,

v.

STATE of Missouri, Respondent.

No. 34988.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 3, 1974.

Motion for Rehearing or Transfer Denied
Jan. 14, 1975.

Charles D. Kitchen, Public Defender, Robert C. Babione, James C. Jones, St. Louis, for movant appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., W. Earl Jacobs, Asst. Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

DOWD, Chief Judge.

Appeal from the denial of a motion filed under Rule 27.26 to set aside and vacate three felony convictions. On April 28, 1970, movant pleaded guilty to three felonies in connection with an armed robbery.[1] Movant was sentenced to ten years' imprisonment on each of the robbery charges and two years on the attempted bribery charge, with sentences to run concurrently. In his motion movant alleged that he had involun-tarily pleaded guilty, that he had unintelligently waived a jury trial, and that he was denied effective assistance of counsel. Movant argues that his trial attorney "failed to make an adequate investigation of the charges against him." Under this point movant specifically argues that he was prejudiced by the failure of his attorney to contact one Charles J. Quinn who at one time was a prisoner in the City Jail.

At the hearing on the motion movant testified that he had given his counsel the names of two alibi witnesses and also the names of Charles Quinn and O'Neil Sanders. Movant testified that Quinn and Sanders were involved in the robbery and would exonerate movant if called to testify in his behalf. It was movant's belief that he had been implicated in the robberies by Quinn, but if Quinn was produced as a witness he would state that movant did not have any part in the robberies. Movant testified that he told his counsel that Quinn and Sanders were at the City Jail, but that his counsel failed to question Quinn and Sanders in his behalf. As a result, movant felt he had no defense and agreed to a guilty plea.

Movant's attorney testified at the hearing on the motion that he had interviewed the two alibi witnesses named by movant, but that neither witness would have been helpful in establishing any alibi for movant. Movant's attorney also testified that he had gone to the City Jail to find Charles Quinn, but that there was no record of Quinn at the City Jail. Movant had given no other address to use in locating Quinn. Movant's attorney also testified that movant never gave him the name of O'Neil Sanders. It was also the attorney's opinion that he saw no way in which Quinn would have been of use to the movant's defense.

On October 24, 1972, the court entered an order denying movant's motion finding that counsel had "diligently represented the

1. The felonies were: Two charges of Robbery in the First Degree and Attempting to Bribe a Police Officer.

movant and was willing to try the case." The court specifically found that counsel had investigated the state's case and "investigated the witnesses endorsed on the information."

Our standard on review is limited to whether the findings and conclusions of the trial court are clearly erroneous. Also the findings of the trial court are presumptively correct. Rule 27.26(j), V. A.M.R. Crosswhite v. State, 426 S.W.2d 67 (Mo.1968). Specifically, McNamara v. State, 502 S.W.2d 306 (Mo.1973), is instructive on the question of ineffective assistance of counsel. There the court said that movant's attorney was required "to make such investigation as the circumstances required (McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971)), he also had the right to exercise his professional judgment regarding leads suggested by the defendant." 502 S.W.2d at 308. Also in point is Foster v. State, 502 S.W.2d 436, 438 (Mo.App.1973). In that case this court held that an attorney had a duty to investigate the case against his client. That duty includes contacting potential witnesses who might have a bearing on movant's defense. However, ineffectiveness of counsel must be determined on the basis of the facts of each case. There is no hard and fast rule applicable in every case. Foster v. State, supra.

Here trial court also found that movant's counsel had made an effort to find Quinn. The court also found that movant made no showing that Quinn would be of any assistance or help to movant, or even that Quinn would be willing to testify in movant's favor. Further, the record in this motion shows that the movant acknowledged that when he pleaded guilty he stated to the trial judge that he was satisfied with his counsel. At the 27.-26 hearing movant stated he was lying when he made that statement. The credibility of the witnesses was for the trial court to determine. Crosswhite v. State, supra, [2].

We can not say under these facts that the trial court's finding that movant was adequately represented was clearly erroneous. Movant's cited authority of Hall v. State, 496 S.W.2d 300 (Mo.App.1973), involved an attorney who took no notes, had no recollection of the case, and merely acted as an agent in the plea bargaining. These facts are readily distinguishable from the facts of this case.

The judgment is affirmed.

WEIER, CLEMENS and RENDLEN, JJ., concur.