Roy Lee KERR, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30103.

Missouri Court of Appeals,
Western District.

June 11, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 12, 1979.

David M. Strauss, Public Defender, Columbia, for movant-appellant.

John D. Ashcroft, Atty. Gen., Richard Thurman, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD, and MANFORD, JJ.

MANFORD, Judge.

Appeal from order denying motion to vacate judgment pursuant to Rule 27.26. Affirmed.

Movant was, by jury, convicted of murder in the first degree. Punishment was assessed at life imprisonment. The conviction was affirmed on appeal, *State v. Kerr*, 531 S.W.2d 536 (Mo.App.1975).

Post-conviction relief pursuant to Rule 27.26 was sought by movant. An evidentiary hearing was held satisfying the rule in *Fields v. State*, 572 S.W.2d 477 (Mo.banc 1978). The trial court made findings of fact and conclusions of law.

On appeal, movant alleges the trial court erred in its failure to conclude movant was denied effective assistance of counsel on two grounds; first, that counsel failed to investigate facts and circumstances of movant's alibi defense and second, that he was denied effective assistance of appellate counsel because of an alleged conflict of interest by appellate counsel.

Our review of such proceedings is weighed against the principles announced in *McQueen v. State*, 475 S.W.2d 111 (Mo.banc 1971). " 'The test on this question which this court has stated on several occasions is whether counsel's actions, or lack thereof,

have made the trial a farce or mockery of justice'", and further, it has been held that "'. . . examination of the cases indicates that in most instances the courts, after stating such a test, have sought actually to ascertain whether there has been such failure on the part of the attorney that defendant has not had a fair trial.'" *Thomas v. State*, 512 S.W.2d 116, 121 (Mo. banc 1974). Also see *Rodgers v. State*, 567 S.W.2d 634 (Mo.banc 1978) and *Cox v. State*, 572 S.W.2d 631 (Mo.App.1978).

"[T]he better rule seems presently to be that if the action (or inaction) of counsel were of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial . . ." *Thomas v. State*, 516 S.W.2d 761, 765 (Mo. App.1974).[1]

■ "Our standard on review is limited to whether the findings and conclusions of the trial court are clearly erroneous." *Smith v. State*, 518 S.W.2d 155, 157 (Mo. App.1974); Rule 27.26(j). As previously stated, it is against this standard that the trial court's findings and conclusions as supported by the facts are weighed for final determination.

A complete reading of the transcript determines the following pertinent facts. Movant had been represented by counsel from the State of Illinois for the purposes of opposing extradition, on this charge, to Missouri. The public defender in Missouri assigned to defend Movant had a conversation with the Illinois counsel concerning movant's witnessing a vehicular accident in the state of Illinois the early morning hours of the date of the homicide. The facts revealed the Illinois counsel had made inquiry as to the circumstances surrounding the accident. Such inquiry failed to produce any results because movant failed to provide counsel with pertinent details as to location, time and other necessary data to prove the existence of the accident.

The evidence further established that upon learning this, the public defender in Missouri, who ultimately defended movant at trial, immediately inquired of movant about the accident. Movant did not provide counsel with anything more than vague references to a general location in the state of Illinois. Even though counsel did not have sufficient data, he and his investigator made some 50 inquiries of local and and state law enforcement officials, plus they acquired and studied highway maps in their endeavors to determine the location of the accident. Their efforts, though diligent, failed to provide information regarding the accident.

After conviction and while incarcerated, movant spent from December 1976, until the latter part of February, 1977, in an effort to secure a report of the accident. Movant's inquiry resulted in his receiving a copy of an Illinois vehicular report which confirmed a one-vehicle (semi-truck) accident on Route 157 (Ramp 128) from Interstate 270 in Illinois.

The evidence further established that the time of the death of the victim could not have occurred prior to 3:00 a. m. on the same date. Further, the testimony of the Illinois state trooper and an employee of the truck line, both of whom testified at the 27.26 hearing and who were at the scene of the accident, established there was ample time to depart from the scene of the homicide to arrive at the scene of the accident.

■ The record is replete with testimony of the co-effort by defense counsel and his investigator to establish the location, time and other relevant matters pertaining to the accident from which a defense alibi might have been established at the time of the trial. Movant's contention is without merit for the evidence does not prove laxity by counsel.

As to movant's contention of ineffective assistance of appellate counsel because of a conflict of interest, the evidence shows that

1. *Seales v. State*, 580 S.W.2d 733 (Mo.banc 1979), which sets forth the new standard for ineffective assistance of counsel, is not applicable to the case herein because majority opinion declares it to be prospective only as to hearings on motions under Rule 27.26 held subsequent to the date of the opinion.

one Robert Kingsland represented movant's wife in the uncontested dissolution of marriage proceedings between movant and his former wife. The ground for dissolution was bigamy. The decree in said proceedings was entered in mid 1973. Both counsel and movant's former wife testified at the 27.26 hearing and stated the criminal charges against movant (then pending) were not discussed. The evidence further establishes that approximately one and one-half years later, counsel, Robert Kingsland, became a member of the staff of the public defender's office of Cole County.

In early 1973, counsel prepared a reply brief on behalf of movant. He did not even meet movant until after the appeal in this case was decided and the motion for rehearing and transfer was pending. The only discussion between appellate counsel and movant regarded the reply brief.

■ To sustain movant's contention that the preparation of a reply brief relative to the appeal of movant's conviction, prepared in accord and in the interests of movant some 1½ years after the same attorney had represented movant's former wife in the uncontested dissolution proceeding, would not only be a bizarre conclusion, but would, in fact, border on the ludicrous.

■ There is no evidence to support this allegation by movant and it follows there can be no prejudice of movant's rights. An attorney is not forever prevented from representing persons in the future simply because that person previously had some interest in the person or property of a prior client. In *Thomas v. State, supra,* this question was answered when the court declared, "A lawyer who represents a client is certainly not disqualified for the rest of his life from accepting employment by a person having an interest which may conflict with that of a prior client."

Movant has had his day in court, been tried and found guilty by a jury, properly sentenced and accorded a hearing on his post-conviction allegations. There is nothing in evidence to support his allegations on this appeal that he suffered denial of any

rights or was prejudiced by counsel, jury or the courts and therefore, the order of the trial court is in all respects affirmed.

All concur.

