Raymond Charles MILENTZ, Appellant,

v.

STATE of Missouri, Respondent.

No. 40303.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 25, 1979.

David V. Uthoff, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Appeal from an order of the Circuit Court denying, after an evidentiary hearing, a Rule 27.26 motion attacking movant's 1973 conviction for striking a police officer. This underlying conviction was affirmed in *State v. Milentz*, 521 S.W.2d 1 (Mo.App. 1975). The events surrounding the offense are set out in detail in that opinion. The present Rule 27.26 motion was originally denied without an evidentiary hearing. On appeal, this court reversed and remanded for an evidentiary hearing on the issue of ineffective assistance of counsel because of failure to secure the testimony of certain witnesses as requested by movant. *Milentz v. State*, 545 S.W.2d 688 (Mo.App.1976).

On remand, and following the evidentiary hearing, the trial court found that the witnesses to which movant refers were present only at the scene of movant's apprehension for unrelated charges, and that the offense for which movant was convicted herein occurred in an enclosed, moving police cruiser some eight blocks from that scene at a subsequent time. None of the omitted witnesses were alleged to have been at or near the scene of the actual offense. Based on the foregoing facts, the court below further found that the events taking place at movant's apprehension were in no way relevant to the offense charged, and that consequently none of the omitted witnesses could have offered testimony relevant or material to the defense of the charge. Therefore, the court found that defendant was not denied effective assistance of counsel.

We have examined the record of movant's Rule 27.26 hearing closely and carefully. The trial court's findings of fact are fully supported by the record and are not clearly erroneous. Any further discussion of the issue would be of no edification to the bar or bench, and an extended opinion herein would be of no precedential value. Accordingly, we affirm the order entered below denying movant Rule 27.26 relief by memorandum opinion pursuant to Rule 84.-16(b).

The foregoing being wholly dispositive of the matter, it is not necessary to address the other issue raised by movant.

Judgment affirmed.

GUNN and CRIST, JJ., concur.