Charles Earl PORTER, Appellant,

v.

STATE of Missouri, Respondent.

No. 40227.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 11, 1980.

---

1. The wife does not challenge the trial court's custody award of the parties' only minor child to the husband.

Julian D. Cosentino, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

DOWD, Presiding Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. His motion alleged ineffective assistance of counsel.

Movant had been tried and convicted of first degree murder in February of 1974 and sentenced under the Second Offender Act, § 556.280 RSMo 1969, to a term of life imprisonment. The conviction was affirmed upon appeal. *State v. Porter*, 538 S.W.2d 888 (Mo.App.1976).

At trial, movant had raised an alibi defense. He claimed that at the time the murder was committed he was in Chicago, Illinois and that others could substantiate his story. Movant's current contention is that his trial counsel did not properly investigate movant's defense of alibi or procure the trial attendance of alibi witnesses. More specifically, he claims trial counsel did not procure the presence of Mr. and Mrs. Michael Horton whom movant requested to be brought from Chicago to testify on his behalf. Additionally, movant appears to assert counsel was ineffective because a defense witness, Kim Cavin, was dispatched to Chicago prior to the trial to obtain evidence for the defendant but did not return with alibi witnesses. Ms. Cavin did, however, secure written evidence from a motel which was introduced as evidence the defendant was in Chicago at the time of the homicide.

■ Upon review of a denial of a motion to vacate a conviction, we are limited to the determination whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Burroughs v. State*, 590 S.W.2d 695, 697[1] (Mo.App.1979). Movant must prove a serious dereliction of duty by the attorney materially affecting substantial rights and rendering movant's trial unfair, resulting in a miscarriage of justice. *Cole v. State*, 553 S.W.2d 877, 882[5–6] (Mo.App.1977).[1] We are not convinced that the trial court's denial of movant's motion was clearly erroneous under such standard.

■ In contrast to movant's claim trial counsel was derelict in not producing his alibi witnesses, the Hortons, from Chicago, trial counsel testified at the evidentiary hearing that the Hortons were not within the court's jurisdiction and that "[t]here was no way I could get them down here." Further, trial counsel did, in the absence of the Hortons, prepare an alibi defense. Movant's traveling companions from St. Louis to Chicago and movant's friend from

---

1. The standard of review set forth in *Seales v. State*, 580 S.W.2d 733, 735[3] (Mo. banc 1979) is to be prospectively applied and is, therefore, inapplicable to the instant case which was heard in July, 1977. This new standard of review requires that (1) there be a finding that the attorney's conduct did not conform to the care and skill of a reasonably competent lawyer rendering similar skills under the then existing circumstances and (2) that the failure to use such care and skill did prejudice the defendant. *Seales v. State, supra.*

Chicago testified defendant had been en route to Chicago at the time of the homicide and had spent that night in the home of movant's friend in Chicago. A motel registration slip, motel bill, and room key were also introduced to show movant's presence in Chicago. Such defense evidence tended to prove movant checked into the Roberts Motel in Chicago on September 13. The homicide occurred at approximately 10:37 p. m. on September 12, 1973.

The witnesses which the movant claims the defense counsel should have produced were the operators of the motel in which movant stayed the two days following the date of the homicide. Although the Hortons did not testify at the Rule 27.26 hearing, apparently the Hortons would have testified that defendant was in Chicago the two days following the homicide.

■ Movant has not proven the Hortons' testimony to be anything other than cumulative to movant's other alibi evidence. Nor has the movant proven trial counsel's production of the Hortons would have proven helpful to the movant. Such a failure to produce cumulative alibi witnesses, in the absence of a clear showing they would be helpful, is not ineffective representation but is within the province of the trial counsel's strategy. *Aikens v. State*, 549 S.W.2d 117, 120–22 (Mo.App.1977). We also deem pertinent the fact that the Hortons could only verify movant's presence in Chicago the day following the homicide. *Milentz v. State*, 588 · S.W.2d 181 (Mo.App.1979) (claimed alibi witnesses present only at scene of movant's apprehension, not scene of later crime of striking a police officer, therefore could not offer relevant and material defense evidence); *see, Kerr v. State*, 584 S.W.2d 626, 627 (Mo.App.1979). •

■ Movant also appears critical of his trial counsel because counsel sent one of movant's witnesses to Chicago to obtain

evidence.[2] Trial counsel have a responsibility to make "a reasonable personal effort" to locate witnesses suggested by clients, but counsel are entitled to rely, at least in part, upon the efforts of the client's friends and family to locate witnesses. *Barton v. State*, 586 S.W.2d 819, 821[3] (Mo.App.1979) (efforts of fiancee).

The judgment is affirmed.·

CRIST and REINHARD, JJ., concur.

---

**2.** At the evidentiary hearing, the trial counsel recalled that he had sent a Mr. Robert Manhan to Chicago to obtain evidence in support of the defendant's alibi. The trial record shows that witness Kim Cavin was sent to Chicago. This confusion on the part of counsel is understand-able in light of the fact that the evidentiary hearing took place over three years after the trial and that counsel had not been notified as to why he had been called to the hearing and thus was unable to refresh his memory from his notes.