**John Kirby ELLIS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31407.**

Missouri Court of Appeals,
Western District.

Oct. 1, 1980.

Daniel K. Atwill, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Movant, John Kirby Ellis, appeals after denial of his motions to withdraw pleas of guilty and to set aside judgment and sentence. The sole point advanced on appeal is that the trial court erred in failing to find that appellant's attorney was ineffective because he did not develop evidence favorable to movant, did not prepare the case for trial and did not discuss the case or counsel with movant. Affirmed.

On January 25, 1978, movant pleaded guilty to the offenses of burglary, second degree and stealing. After ordering and receiving the report of a pre–sentence investigation, the court sentenced movant on February 21, 1978, to terms of six years for burglary and two years for stealing and ordered that the sentences be served consec-

utively. Movant filed his pro se motion November 30, 1978, counsel was appointed and an amended motion, the ultimate subject of the hearing, was filed May 21, 1979.

The amended motion sought alternative relief–withdrawal of the guilty plea under Rule 27.25, or to set aside or correct sentence under Rule 27.26. The ground alleged in support of the Rule 27.25 motion was that a plea bargain had been struck but the court failed to follow the agreement as to sentence and did not so inform movant before sentence was imposed. As Rule 27.-26 grounds, movant alleged he had been misled concerning the plea bargain, his attorney had not interviewed potentially favorable witnesses, he had been threatened and intimidated into pleading guilty and his attorney, a subsequent candidate for the office of prosecuting attorney, had a conflict of interest.

After an evidentiary hearing, the trial court made findings of fact and conclusions of law and ruled adversely to movant's contentions. The order did not distinguish between the separate claims of movant under Rule 27.25 and Rule 27.26. No complaint has been made by movant on this account and we therefore assume that the court's order generally denying relief to movant found against him on all grounds and theories he advanced.

The single point advanced on appeal, that movant's counsel was ineffective, relates only the claim to relief under Rule 27.26. The issue regarding the plea bargain, the factual ground asserted to underlie the Rule 27.25 motion, is therefore not before us by brief or argument. We have, however, examined the record ex gratia to ascertain if any evidence supports movant's claim that he should have been permitted to withdraw his plea because of a plea bargain which was not fulfilled.[1]

The motion alleged that movant agreed with the state to plead on condition that the prosecutor recommend sentences of eight years for burglary and three years for stealing to run concurrently. Although the actual sentences imposed, six years and two years running consecutively, amount to the same total time, movant contended that rules for parole render the latter sentence more severe and that the trial judge was therefore obligated to inform movant when the state's recommendation was not to be followed.

The record fails to disclose that there was in fact any plea bargain in this case. When movant's plea was tendered, he was advised by the court that a sentence recommendation by the state did not bind the court which retained the discretion to impose any sentence within the statutory range. The state did at that time, and later at the sentencing hearing, recommend concurrent sentences of eight and three years. Movant's counsel offered a plea for probation and sentencing was deferred pending a pre–sentence investigation and report. In contrast to his motion claim of a firm agreement as to sentence in exchange for the plea, movant at the plea hearing was seeking leniency, including the prospect that a favorable report would enable him to avoid incarceration. The claim that movant was misled or deceived or that the plea was entered on any advance assurance of sentence is without any support in this record and the claim has no merit.

Ineffectiveness of trial counsel's representation was below and is here the gravamen of movant's claim. In support of this assertion, the amended motion on which the cause was tried alleged, in addition to the plea bargain circumstances recited above, that counsel had procured movant's plea of guilty by threats, that a conflict of interest resulted from the attorney's subsequent candidacy for prosecuting attorney and that the attorney had failed to interview witnesses. Although the issue of ineffective representation remains as the contention on appeal, movant has altered the grounds by abandoning the former two claims of intimidation and conflict of interest and by add-

---

**1.** *Schellert v. State*, 569 S.W.2d 735 (Mo. banc. 1978) was decided subsequent to the plea and sentencing in this case. Being declared of prospective application, the *Schellert* rule is not material to movant's claim.

ing claims that the attorney failed to inform him of the trial date, refused to discuss movant's protestations of innocence, failed to investigate "the question of his guilt," misstated the extent of his interviews with witnesses and devoted all his efforts to plea bargaining.

In its findings, the trial court did not expressly rule each of the factual contentions now asserted by movant. In part, this is attributable to an absence of clear definition among the points and in part to an enlargement of the points by movant in the course of the hearing and here on appeal. The allegations of intimidation by counsel and conflict of interest are abandoned because not briefed or argued. *Herron v. State*, 498 S.W.2d 530 (Mo.1973); *Stephens v. State*, 583 S.W.2d 282 (Mo.App.1979). Movant now makes no complaint of any deficiency in the trial court's findings except that they were adverse to the result sought by movant. In addressing all of movant's contentions, however, we have thoroughly examined the record, have considered all points advanced, whether included in the motion allegations or introduced for the first time in the course of the hearing or in briefs and argument, and we conclude that the findings of the trial court and the result reached are not clearly erroneous. Rule 27.26(j); *Kerr v. State*, 584 S.W.2d 626 (Mo.App.1979).

Only one point, counsel's preparation for trial in seeking out and interviewing witnesses of benefit to the defense, justifies additional comment. Two prospective witnesses, Nancy Lee Woods and Linda Ellis, were the focus of movant's evidence at the motion hearing. It was his contention that he asked his attorney to contact these witnesses and seek their evidence on his behalf. Movant acknowledged at the time, however, that the witnesses were hostile to him. They had been arrested in connection with the same burglary which was the basis for the charge against movant. These witnesses had previously given signed statements after police interrogation. The statements were supplied to movant's attorney by the state and were found to be damaging to movant's case.

In his testimony at the motion hearing, movant acknowledged that he knew of the adverse evidence given by witnesses Woods and Ellis (movant's sister) in their statements and that the statements would not change. The record is devoid of the slightest indication that these witnesses, if called to testify, would do other than reaffirm their prior statements, identify movant as a participant with them in the burglary and aid the state's case.

Trial counsel read the statements of witnesses Woods and Ellis, concluded in the exercise of his judgment that they were hostile and decided that it would be futile to interview or summon them as defense witnesses because their evidence would be damaging to movant's case. There was ample basis to justify this decision, nothing subsequently shown by movant warrants a different result and the trial court properly denied movant relief on this ground. In the other particulars set out in movant's motion and by the evidence no basis was shown to conclude that trial counsel was ineffective and the trial court correctly so held.

The judgment is affirmed.

All concur.