**STATE of Missouri, Plaintiff-Respondent,**

v.

**Richard Lee PALMER, Defendant-Appellant.**

**No. 14306.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 18, 1987.

Motion for Rehearing or to Transfer Denied March 12, 1987.

Application to Transfer Denied April 14, 1987.

Michael Lyons, Asst. Public Defender, Springfield, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of robbery in the first degree and armed criminal action and he was sentenced, as a prior offender, to consecutive terms of 15 years and 5 years for the respective offenses. Defendant appeals.

---

Defendant's first point is that the trial court erred in failing to grant a new trial "based on the newly discovered evidence, specifically the perjury of state's witness Kenneth Koster at the trial because the perjured testimony was from a material witness, the jury might have reached a different verdict if it had not heard Koster's testimony, and Koster did not admit that his trial testimony was false until after the jury had returned its verdict."

The state's evidence showed that an armed robbery took place at the Duk-In package store in Conway on April 20, 1984, about 9:00 or 10:00 p.m. Debra Hayes, a store employee, testified that a masked man, carrying a 12–gauge shotgun, robbed her of "close to $200." Shortly before the robbery occurred, three men had entered the store and bought some beer. She was unable to identify defendant as one of the three men or as the robber. Following the robbery the telephone would not work and the front tire of a store customer was flat.

Beverly Johnson, a key witness for the state, testified that at 8:00 p.m. on the evening of the robbery she was at an apartment in Springfield. Also there were Kenneth Koster, Rick Banks, Tim Caldwell and defendant. Koster, Banks and defendant left, taking defendant's shotgun. When they returned around midnight, defendant told the witness that "they had robbed the Conway package store." Defendant "dumped the money on the bed, greenbacks and coins, about $170 or $180." The witness later reported the matter to the sheriff.

Kenneth Koster testified at the trial, which was held on March 21, 1985, that he was then serving a sentence in Illinois and that he returned voluntarily to Missouri to testify. He said that the prosecutor had not made him any promises in exchange for his testimony.

According to Koster, the four men— Banks, Koster, Tim Caldwell and defendant—went to Conway for the purpose of "robbing that store." It was defendant's idea to do so. Defendant had a 12–gauge shotgun, state's Exhibit 2, which Banks used in the robbery. Banks was the masked robber, defendant was "the driver," and Koster cut the telephone wire and slashed the tires on the car of the store customer. Caldwell was "just along." A few days after the robbery, which according to Koster produced about $212, Koster, Banks and defendant went to Midland, Texas, where they were later arrested and brought back to Missouri.

State's witness Roy Osborne, who participated in the Texas arrest, described state's Exhibit 2 as the shotgun found in one of the motel rooms which Koster, defendant and Banks occupied at the time of the arrest.

Defendant does not challenge the sufficiency of the evidence to support the verdict. Defendant did not testify in his own behalf but his mother and his brother testified as alibi witnesses for the defense.

At the hearing on the motion for new trial, held on May 15, 1985, defense counsel called Kenneth Koster as a witness. Koster testified that his testimony at the trial was false, that he did not see defendant on the evening of the robbery and was not with him on that date.

There were inconsistencies in Koster's May 15 testimony. On direct examination he testified, "The prosecuting attorney offered me a deal. They [the sheriff and the prosecutor] told me if I did not cooperate with them that they were going to press charges."

On cross-examination by the prosecutor, the following testimony was elicited:

Q. And do you not recall my sitting there and telling you that I would make you no deals and I would make you no promises?

A. The way that you said it—

Q. How was the way that you said it?

A. Yes, sir.

Q. Is it—but you thought that I was going to dismiss the charges against you?

A. You talked about the Illinois penitentiary being a lot different from the Missouri penitentiary, and if I could quote you as close as I can—"I cannot make you any deals for your testimony because it would

be invalid, but I would really like your cooperation in this matter."

Q. I will agree with you—that is what I said.

A. Yes.

A comparison of Koster's testimony on March 21, at the trial, with his testimony on May 15, at the hearing on the motion for new trial, demonstrates clearly that on at least one of those occasions Koster committed perjury. Defendant's point makes the invalid assumption that the trial court had to accept as true the testimony of Koster which he gave on May 15.

"Recantation by a witness called on behalf of the prosecution does not necessarily entitle accused to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial, and its determination is left to the sound discretion of the trial court free from interference except for abuse of such discretion. *Moreover, recanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true.* Especially is this true where the recantation involves a confession of perjury.... The court must be reasonably satisfied of the truth of the recanting testimony." (Emphasis added.)

*State v. Harris,* 428 S.W.2d 497, 501[5] (Mo.1968).

The truth or falsity of Koster's evidence at the May 15 hearing was for the trial court, in the exercise of a sound judicial discretion. *State v. Galardo,* 654 S.W.2d 360, 362 (Mo.App.1983). See also *State v. Thompson,* 610 S.W.2d 629, 633[2] (Mo.1981); *State v. Noble,* 591 S.W.2d 201, 207 (Mo.App.1979). "In making its evaluation, the trial court should not order a new trial unless the 'newly discovered evidence' is credible enough that it probably would produce a different result." *State v. Salkil,* 649 S.W.2d 509, 515[5] (Mo.App.1983). See also *State v. Downs,* 593 S.W.2d 535, 542[8] (Mo.1980).

The trial court made it clear, by its ruling on defendant's post-trial motions and by its remarks made at the conclusion of the May 15 hearing, that it did not believe the recanting testimony of Koster. The record fails to show that the trial court abused its discretion in that regard. Defendant's first point has no merit.

Defendant's second point seeks to challenge the action of the trial court in denying defense counsel's request for a more lengthy recess than the five-minute recess which was granted. The bench conference, at which the request and the challenged ruling were allegedly made, is not contained in the record on appeal. Defendant's second point has not been preserved for appellate review. *State v. Jones,* 594 S.W.2d 932, 935[5] (Mo.1980); Rule 30.-04(a), V.A.M.R.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.