**Richard Lee PALMER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16553.**

Missouri Court of Appeals,
Southern District,
Division One.

May 30, 1990.

Motion for Rehearing or Transfer
to Supreme Court Denied June 21, 1990.

Application to Transfer Denied
July 31, 1990.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Frank A. Jung, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant Richard Lee Palmer appeals from the denial, after an evidentiary hearing, of his amended motion under Rule 27.26 [1] to vacate his conviction, per jury trial, of robbery in the first degree and armed criminal action, for which he was sentenced as a prior offender to consecutive prison terms of 15 years and 5 years, respectively. The conviction was affirmed on direct appeal. *State v. Palmer,* 726 S.W.2d 810 (Mo.App.1987).

Appellant's brief in the instant appeal presents one point:

"The hearing court clearly erred in denying appellant's Rule 27.26 motion ... because appellant was denied his right to the effective assistance of trial counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article I, section 18(a) of the Missouri Constitution, in that appellant's trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances, by: 1) failing to move to reopen the evidence so that an essential defense witness could testify at trial, which prejudiced appellant by depriving him of the testimony of a witness who would have refuted the evidence of appellant's participation in the charged offense; 2) failing to object to State's evidence adduced in violation of the rule on the exclusion of witnesses, which prejudiced appellant and denied his right to due process of law by permitting the State's witnesses

---

1. Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142. As appellant's sentences were pronounced prior to January 1, 1988, and his motion under Rule 27.26 was pending prior to that date, the instant proceeding continues to be governed by Rule 27.26. Rule 29.15(m), Missouri Rules of Criminal Procedure (1990).

to compare and tailor their testimony in contravention of the spirit of the rule; and 3) failing to renew his motion to suppress physical evidence at the time the evidence was offered, because such failure permitted the State to introduce irrelevant but highly prejudicial evidence in the form of a shotgun unrelated to the charged offense."

The evidence at the jury trial is summarized in the opinion on the direct appeal, 726 S.W.2d at 811–12. Only such evidence as is pertinent to the issues in the instant appeal will be mentioned in this opinion.

Kenneth Koster testified at the jury trial that he, Rick Banks and appellant participated in the robbery—Banks as the masked, shotgun-wielding bandit, appellant as the driver of the getaway car, and Koster as the lookout who cut the telephone line at the store where the robbery occurred. Koster avowed at the jury trial that the prosecutor had made him no promises in exchange for his testimony.

Koster was preceded on the stand by Beverly Johnson, who testified she was at an apartment on the evening of the robbery and saw Koster, Banks and appellant depart, taking appellant's shotgun. Ms. Johnson recounted that the trio returned some four hours later. She quoted appellant as saying they had robbed the store; she saw him dump money on a bed.

At the outset of the trial the prosecutor had asked the trial court to invoke the rule excluding witnesses from the courtroom. The trial court granted the request, instructing the lawyers to be certain that their witnesses were not in the courtroom.

Ms. Johnson was the State's third witness. Immediately after her testimony the trial court declared a recess. Koster was the first witness following the recess. During his redirect examination by the prosecutor the following exchange occurred:

"Q. Have you talked to Beverly Johnson about what you are going to testify to here today?

A. Yes, sir.

. . . .

Q. When did you talk to her?

A. A few minutes ago.

Q. That was while you were waiting to come in here?

A. Yes, sir.

Q. And that was after you had already told the same story to Mr. Lyons [2]?

A. Yes, sir.

. . . .

Q. And are you telling this jury the things that you have told them for any reason other than that is the truth?

A. No, sir, that is the truth."

Recross examination by attorney Lyons produced this colloquy:

"Q. Do you remember talking to me over there [in jail]?

A. Yes, sir.

Q. Do you remember me asking you in any of the letters did you ever—did Richard Palmer ever discuss your testifying in this case, and your answer was 'No'. Isn't that true?

A. Yes, sir.

Q. And you also testified that you talked to Beverly Johnson right before you testified?

A. Yes, sir.

Q. But that was after you talked with me before you talked with Beverly Johnson, isn't that true?

A. Yes, sir."

At the hearing on appellant's motion for new trial (some seven weeks after the trial) appellant presented Koster as a witness. Koster testified that his trial testimony was false, that he did not see appellant on the night of the robbery and was not with appellant on the date it occurred.

It is Koster's trial testimony that is the subject of appellant's second complaint of ineffective assistance. We address that complaint first.

Appellant maintains that attorney Lyons,[3] henceforth referred to as "trial counsel," rendered ineffective assistance

2. Assistant Public Defender Michael Lyons, who represented appellant at trial.

3. Footnote 2, *supra.*

by failing to object to Koster's testimony at trial and by failing to request that such testimony be stricken and that a mistrial be declared. Appellant asserts that Koster violated the "spirit" of the rule excluding witnesses from the courtroom "by tailoring his testimony to conform to that of another [S]tate's witness." According to appellant, Koster gleaned the "facts" of his testimony "through conversations with others involved in the case." Appellant directs our attention to the following excerpt from Koster's testimony at the hearing on the motion for new trial:

"Q. How did you learn the details of the offense?

. . . .

A. It had been over the last year.

Q. Would you tell us specifically how you learned about it?

A. Between conversations that I have had. . . . When I was first arrested on June 13th of last year I was appointed Mr. James Drese as my counselor. Upon two occasions we had talked and discussed the case and whether I was willing to testify for Rick or for a plea bargain, I guess you would call it.

Q. Were you at that time made aware of some of the facts of the robbery?

A. Yes, I was.

Q. Did you also learn some of the facts from Beverly Johnson?

A. Yes, about what was supposed to have taken place when we got back to the apartment.

Q. And she filled you in upon the details back in the conference room?

A. Yes.

Q. That was right before you testified?

A. Yes."

In denying appellant's motion for post-conviction relief the circuit court, henceforth referred to as "the hearing court," held that appellant was not denied effective

assistance of counsel at trial. The hearing court determined, among other things, that appellant's assertion that there was some violation of the rule excluding witnesses from the courtroom was not well founded. The hearing court ruled there was no clear showing that the prosecutor participated or connived to taint or manufacture testimony or that Koster was not truthful in his trial testimony. Additionally, the hearing court noted that the trial court[4] did not believe the recanting testimony of Koster at the hearing on the motion for new trial. *See: Palmer*, 726 S.W.2d at 812.

Our review is limited to a determination of whether the findings, conclusions, and judgment of the hearing court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984).

To prevail on a claim of ineffective assistance of counsel a prisoner must show (1) his lawyer failed to exercise the customary skill and diligence that a reasonably competent lawyer would have exercised under similar circumstances, and (2) the prisoner was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

In the instant case Koster admitted in his trial testimony that he had talked to trial counsel *prior* to the time he (Koster) talked to Beverly Johnson during the recess, and that he (Koster) had told trial counsel the "same story" he (Koster) told during his trial testimony. Appellant's contention that Koster's trial testimony was based on what Ms. Johnson told Koster during the recess is consequently refuted by Koster himself.

Koster did not testify in the hearing court. The hearing court was not obliged to accept as true Koster's testimony at the hearing on the motion for new trial wherein Koster avowed he learned some of the facts from Ms. Johnson during the recess at appellant's trial.[5] *Davis v. State*, 748

---

4. The judge who denied appellant's Rule 27.26 motion was not the judge who presided at appellant's trial.

5. In *Sadlon v. Richardson*, 382 S.W.2d 9 (Mo. App.1964), a civil action for money damages, a

hearing on a motion for new trial was conducted by a different judge than the one who presided at the trial. A transcript of the testimony at the hearing was then presented to the trial judge, who relied solely on it in ruling on the motion. The appellate court stated it was in

S.W.2d 698, 700[1] (Mo.App.1988); *Simmons v. State*, 745 S.W.2d 181, 182[2] (Mo. App.1987).

Appellant relies on *State v. Masslon*, 746 S.W.2d 618 (Mo.App.1988), but his reliance is misplaced. In *Masslon* the accused, at his jury trial, sought to present evidence that after the trial judge had imposed the rule excluding witnesses from the courtroom, the State's first witness had discussed his testimony with other persons waiting to testify for the State. The trial judge refused to allow the tendered evidence. The Eastern District of this Court held that for the purpose of affecting credibility of a witness it is always competent to show the feeling of a witness for or against a party and his bias or prejudice if such there be. *Id.* at 623[2]. The opinion stated that the witness' conduct in communicating with the other persons waiting to testify for the State strongly indicated bias against the accused, thus the trial judge abused his discretion in excluding such evidence. *Id.* at 623–24[5].

In the instant case the testimony of Koster that he had talked with Ms. Johnson after she testified and before he testified was received at appellant's trial without objection, hence the jury was aware of the incident and could take it into account in assessing Koster's credibility.

Appellant appears to assume that had trial counsel objected to Koster's trial testimony, moved to strike it, or asked for a mistrial, such relief would have been granted by the trial court. The record does not support that assumption. In view of Koster's admission that he told the "same story" to trial counsel prior to talking with Ms. Johnson, we cannot assume the trial court would have ruled Koster's trial testimony inadmissible had the issue been raised.

■ The burden was on appellant to establish his grounds for relief by a preponderance of the evidence. Rule 27.26(f); *Fields v. State*, 466 S.W.2d 679, 681[2] (Mo. 1971). On the record here we cannot brand as clearly erroneous the hearing court's finding that trial counsel's failure to ask that Koster's trial testimony be excluded or stricken, or that a mistrial be declared, did not constitute ineffective assistance.

■ We next address appellant's third complaint of ineffective assistance. It has the following background.

Over seven weeks after the robbery, appellant, Koster and Rick Banks were arrested at a motel in Texas. The arresting officers found a shotgun in one of the rooms the trio was occupying.

Trial counsel filed a pretrial motion to suppress the shotgun as evidence. The trial court conducted an evidentiary hearing on the motion and denied it. Although the motion does not appear in the record in this appeal, it is apparent from the transcript of the evidentiary hearing that appellant's contention was that the shotgun was seized during an unlawful search.

At appellant's trial the shotgun was designated State's Exhibit 2. The robbery victim testified that the barrel of the shotgun carried by the bandit was two or three inches longer than the barrel of Exhibit 2.

Koster, in his trial testimony, identified Exhibit 2 as the shotgun used by Banks in the robbery. Koster explained that the shotgun was "regular length" at the time of the robbery and that he (Koster) and Banks sawed off the barrel after fleeing to Texas.

When the prosecutor offered Exhibit 2 in evidence, trial counsel voiced no objection.

In his point relied on in this appeal, appellant avers that trial counsel rendered ineffective assistance in "failing to renew his motion to suppress physical evidence at the time the evidence was offered, because

equally as good a position as the trial judge to assess the evidence at the post-trial hearing, hence the appellate court would depart from the rule that an appellate court should give deference to a trial court's findings of fact. *Id.* at 11[3, 4]. Whether that rationale should apply in the instant case is unnecessary to decide, as the

hearing court's obvious disbelief of Koster's testimony in the transcript of the hearing on the motion for new trial is not clearly erroneous. Indeed, this court, as did the trial court, finds Koster's testimony at the hearing on the motion for new trial unworthy of belief.

such failure permitted the State to introduce irrelevant but highly prejudicial evidence in the form of a shotgun unrelated to the charged offense." Appellant argues that the evidence at his trial indicated the bandit used a "sawed-off" shotgun. Appellant bases this assertion on the testimony of a bystander in the store who testified—as a defense witness—that the shotgun carried by the bandit was "sawed off." Appellant maintains that although the evidence "pointed to the conclusion that [Exhibit 2] was not the gun used in the robbery, the state was nevertheless allowed to elicit testimony about the gun and have it admitted into evidence in the presence of the jury." Appellant proclaims Exhibit 2 was not relevant, hence its admission was prejudicial. Appellant hypothesizes that had trial counsel renewed his objection when Exhibit 2 was offered, counsel might have persuaded the trial court to exclude it from evidence and would have preserved the issue for appellate review.

An alert reader will recognize that the theory of inadmissibility urged by appellant in this appeal is not the theory of inadmissibility asserted in the trial court. There, as we have seen, trial counsel sought to suppress Exhibit 2 on the ground that it had been illegally seized. Now, in his brief, appellant says Exhibit 2 was irrelevant, as it was not shown to have been the shotgun used in the robbery.

We have carefully studied appellant's amended Rule 27.26 motion and the original Rule 27.26 motion that preceded it and have found no allegation that trial counsel rendered ineffective assistance in failing to object to Exhibit 2 on relevancy grounds. The only reference in the two motions to trial counsel's failure to object to Exhibit 2 when it was offered at trial is an allegation that counsel filed a motion to suppress Exhibit 2 but failed at trial to object to its admission and preserve the point for appellate review. It is thus evident that the complaint of ineffective assistance of counsel now asserted on appeal was not presented in the hearing court.

That is confirmed by the findings of the hearing court, which took judicial notice of the trial transcript. It is apparent from that transcript that trial counsel expected the bystander to testify (as he subsequently did) that the bandit used a sawed-off shotgun. Inasmuch as Koster had testified that the barrel of Exhibit 2 had been "regular length" at the time of the robbery, it is inferable that trial counsel, having received an adverse ruling on the suppression motion, chose as a matter of trial strategy to attempt to convince the jury that Exhibit 2 was not the shotgun used in the robbery, thereby discrediting Koster's testimony which was crucial to the State's case. The hearing court apparently viewed the matter that way, as the hearing court found that trial counsel's failure to object to Exhibit 2, while perhaps an error in judgment or trial strategy, was not ineffective assistance of counsel.

■ Be that as it may, it is manifest that the third complaint of ineffective assistance leveled at trial counsel by appellant in his point relied on in this appeal is not among the complaints asserted in appellant's original or amended 27.26 motions. A point urged on appeal from a judgment denying relief in a proceeding under Rule 27.26 is not reviewable where it was not raised in the motion filed in the hearing court and is presented for the first time on appeal. *Grubbs v. State*, 760 S.W.2d 115, 120[10] (Mo. banc 1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989); *Maggard v. State*, 471 S.W.2d 161, 162[1] (Mo.1971). Appellant's third complaint of ineffective assistance is therefore not cognizable in this appeal.

■ However, even if it were it would be futile. Appellant's contention that the evidence indicated Exhibit 2 was not the shotgun used in the robbery ignores (a) Koster's trial testimony that Exhibit 2 was the gun used in the robbery and that its barrel was sawed off afterward, and (b) the trial testimony of the robbery victim that the barrel of the shotgun carried by the bandit was two or three inches longer than the barrel of Exhibit 2. Appellant's third complaint of ineffective assistance of counsel is patently meritless.

■ Appellant's first complaint of ineffective assistance—the only one not yet discussed—alleges that trial counsel was derelict in failing to move to reopen the evidence at trial so that an "essential defense witness" could testify. According to appellant, that witness—Rick Banks—would have refuted the evidence of appellant's participation in the robbery.

Trial counsel presented four defense witnesses at appellant's trial, which was completed in one day. After the final defense witness testified the trial court held a bench conference outside the hearing of the jury and the court reporter. At its conclusion the trial court informed the jury an additional witness might be en route. The trial court added: "I will not wait very long, but I am going to recess for five minutes. If the witness is not here we will come back at that time."

When proceedings resumed after the recess—its length is not shown—the trial court asked trial counsel whether there were any further defense witnesses. Trial counsel replied: "Judge, the defendant rests."

The prosecutor announced he had no rebuttal evidence, whereupon the trial court declared another recess so that the jury instructions could be prepared. The trial court asked the jurors to return to the courtroom "in approximately forty minutes."

Although the length of that recess is not shown it evidently exceeded forty minutes, as the trial court announced when proceedings resumed that "[t]here was some typing required so we did take longer than I had hoped we might otherwise." The trial court thereupon read the instructions to the jury and the parties presented their closing arguments.

At the hearing on the motion for new trial Rick Banks testified that in response to a request by trial counsel, he (Banks) had ridden a bus from Hamilton, Illinois, to Springfield, Missouri, the day before appellant's trial so that he (Banks) could testify for appellant.[6]

As appellant was being tried at Lebanon, Banks was told that the public defender's investigator would pick him up at the Springfield motel where he spent the night and take him to the courthouse in Lebanon. Banks testified that the investigator did so on the afternoon of the trial, but that when they reached the courthouse the trial was "[p]retty well" over. Banks recalled that approximately five minutes after he arrived, trial counsel appeared and stated the jury was deliberating.

Banks further testified that he did not go with appellant or Koster to rob the store, that he (Banks) did not know appellant on the date the robbery occurred, that he (Banks) met appellant for the first time three days after the robbery, that he (Banks) remembered the occasion because they met at a "getting off of parole party" in appellant's honor, and that he (Banks) would have testified to those facts had he been present at appellant's trial.

Wesley Boone Wester, the public defender's investigator, testified at the hearing on the motion for new trial that he was at the courthouse in Lebanon on the afternoon of appellant's trial and that he (Wester) was directed by trial counsel to go to Springfield, pick up Banks, and bring him to the courthouse. Wester testified he phoned Banks from Lebanon at 1:50 p.m., to inform Banks that he (Wester) was on his way. Wester recounted that en route to Springfield his automobile had a flat tire, that he changed the tire, and that he thereafter continued on to Springfield. Banks was waiting at the motel when Wester arrived. Wester picked Banks up and returned to the courthouse in Lebanon. Upon arriving there, Wester, who was aware that the witnesses had been excluded from the courtroom, told Banks to wait outside the courtroom. Wester entered the courtroom and observed the trial was in recess. An assistant to trial counsel asked Wester, "[W]hat kept you so long?" The closing arguments commenced about ten minutes after Wester entered the courtroom.

6. Trial counsel's office was in Springfield.

At the hearing on the motion for new trial, trial counsel stated it was his idea to keep Banks in Springfield and have him brought to Lebanon the day of trial.

Among the allegations of ineffective assistance of counsel in appellant's amended motion under Rule 27.26 was an averment that trial counsel did not subpoena Banks, thereby depriving appellant of an essential defense witness.

Appellant called Wester as a witness in the hearing court. Wester testified he did not subpoena Banks. On cross-examination the prosecutor asked Wester whether the reason Banks was not brought to the courthouse until the afternoon of trial was that trial counsel wanted to surprise the State. Wester answered that he was not sure what trial counsel's strategy was.

The hearing court found that trial counsel's tactic of not issuing a subpoena for Banks did not constitute ineffective assistance in that counsel wanted Banks to be a surprise witness. The hearing court further found: "[T]he fact that [Banks] did not arrive in time to testify due to having 'car trouble' and that [trial] counsel was unable to obtain continuance because [Banks] had not been subpoenaed was not ineffective but was the result of circumstances which caused . . . counsel's tactic to be unable to be fulfilled."

Appellant asserts in this appeal that trial counsel's failure to move to reopen the evidence when Banks arrived at the courthouse was prejudicial in that it deprived appellant of Banks' testimony which could have produced an acquittal. Implicit in appellant's argument is the assumption that a motion to reopen would have been granted.

■ A trial court has wide discretion in determining whether a party shall be allowed to reopen his case after the close of all the evidence. *State v. Peterson*, 518 S.W.2d 1, 3[3] (Mo.1974). Here, trial counsel succeeded in obtaining a recess after the four defense witnesses testified. It is evident that the purpose of the recess was to allow time for Banks to arrive, as the trial court informed the jury there was possibly an additional witness en route.

When proceedings resumed after that recess, trial counsel announced that the defense rested. The prosecutor stated he had no rebuttal evidence.

It was at least thirty more minutes before Wester and Banks appeared, as the recess for preparation of the instructions lasted at least forty minutes—probably longer according to the trial court's comment when proceedings resumed—and Wester testified closing arguments began about ten minutes after he entered the courtroom.

The hearing court was not required to assume that the trial court would have allowed appellant to reopen his evidence when Banks appeared. A half hour or more had passed since the parties rested and it is inferable that the witnesses had been excused. *See: State v. Massey*, 358 Mo. 1108, 219 S.W.2d 326, 332[17] (1949). The trial court had informed the jurors at the start of the final recess that "[t]he evidence is in." Trial counsel had already been allowed one recess awaiting Banks.

To convict the hearing court of error in denying relief, we would have to assume that the trial court would have granted a motion by trial counsel to reopen the evidence when Banks showed up. Nothing in the record before us compels such an assumption. Appellant's first complaint of ineffective assistance of counsel is denied.

The hearing court's denial of relief is affirmed.

MAUS and PREWITT, JJ., concur.