**STATE of Missouri, Respondent,**

v.

**Carvel NORFOLK, Appellant.**

**Carvel NORFOLK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 54407, 57195.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 20, 1990.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Ellen H. Flottman, Columbia, for appellant.

SIMON, Judge.

Appellant, Carvel Norfolk, appeals from his jury conviction of unlawful possession of a concealable firearm, Section 575.150 RSMo (1986), for which he was sentenced to 12 years imprisonment as a prior and persistent offender under Section 558.016 RSMo (1986). Appellant also appeals from the denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Pursuant to Rule 29.15($l$), we have consolidated these appeals for review.

On appeal, appellant raises two points: (1) that the trial court erred in failing to grant his motion for mistrial for remarks made by the prosecutor during closing argument which were improper and prejudicial; and (2) that his trial counsel was ineffective for failing to obtain the presence of a material witness and failing to request a continuance to do so. We affirm.

Evidence in a light favorable to the jury's verdict reveals the following. On September 8, 1986, Officer Milton Doedli (Doedli) was "running radar" on January Avenue in Ferguson, Missouri. At approximately 12:35 p.m., Doedli observed an Oldsmobile Cutlass speed past him. He motioned the driver to pull over. The car did not completely stop but continued to inch forward. Doedli turned back toward his patrol car momentarily, and the car sped off. Doedli returned to his vehicle and pursued the Oldsmobile into the City of Berkeley, Missouri, where appellant's car struck another car, continued about eight houses and then ran up onto the sidewalk. Appellant exited the car and ran about eight or ten feet. Doedli testified at trial that he observed appellant discard a silver object. Doedli chased appellant on foot

and apprehended him. He subsequently released appellant to a Berkeley police detective who arrived at the scene. Gladys Smith, who lived in the neighborhood, testified for appellant at trial that she saw a lady point at something and saw a policeman bend down and pick up a silver object. Doedli testified that he searched the area near the wrecked car and discovered a .38 caliber Smith and Wesson revolver approximately ten feet from appellant's car.

Appellant was charged by information with resisting arrest, Section 575.150 RSMo (1986), and unlawful possession of a concealable firearm, Section 571.070 RSMo (1986). The information was amended to charge appellant as a prior and persistent offender under Section 558.016 RSMo (1986).

The trial court dismissed the resisting arrest charge at the close of the evidence. The jury subsequently found appellant guilty on the possession of a concealable firearm charge on September 1, 1987. On February 4, 1988, appellant was sentenced to 12 years imprisonment as a prior and persistent offender. Notice of appeal was filed February 16, 1988. Appellant filed a *pro se* motion to vacate judgment and sentence pursuant to Rule 29.15 on February 7, 1989, alleging ineffective assistance of counsel. Appointed counsel entered her appearance February 23, 1989. Counsel filed an unverified amended Rule 29.15 motion on April 12, 1989. Appellant's direct appeal was stayed pending the outcome of his post-conviction action.

An evidentiary hearing was held on May 19, 1989. On July 10, 1989, the motion court issued findings of fact and conclusions of law, denying appellant's Rule 29.15 motion.

Appellant's first point on appeal is that the trial court erred in failing to grant his motion for mistrial for remarks made by the prosecutor during closing argument which were improper and prejudicial. The context in which the remarks were made is as follows:

[Defense Counsel]: The first thing I would like to tell you is, Mr. Norfolk was charged with two Counts. Count I, pos-

session of this gun, and Count II, resisting arrest. Count II has been dismissed. The State has failed to show that. It has been thrown out and is not part of your deliberation. You are bound now to disregard evidence on that.

.      .      .      .      .

[Prosecutor]: I would like to briefly address a few things [Defense Counsel] said.

As far as the resisting arrest charge. It was dismissed by the Court. However, the Court did not dismiss the most serious charge, the Unlawful Possession of a Concealable Firearm. That charge was not dismissed by the Court.

When the prosecutor made these remarks, appellant moved for a mistrial. The court overruled the motion, stating, "It was a response to your argument." Appellant argues the prosecutor's statements conveyed an impression to the jury that the trial judge, by not dismissing the remaining charge, believed appellant was guilty.

The trial court has broad discretion in controlling closing argument, with wide latitude accorded counsel in their summaries. *State v. Pena*, 784 S.W.2d 883, 887[8] (Mo.App.1990). Declaration of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. *State v. Cummings*, 765 S.W.2d 366, 370[7] (Mo.App.1989). The declaration of a mistrial rests largely in the discretion of the trial court since the trial court observes the incident which provoked the request for mistrial and is in a better position to determine what prejudicial effect, if any, the incident had on the jury. *State v. Davis*, 653 S.W.2d 167, 176[19–21] (Mo. banc 1983). Moreover, it is well-established that a prosecutor is permitted to exceed the normal bounds of closing argument in retaliation to defense counsel's argument. *State v. Bryant*, 741 S.W.2d 797, 799[3] (Mo.App.1987).

Here, the prosecutor's comments were clearly in response to statements made by the defense counsel. The trial court had a superior opportunity to observe

the effect of the prosecutor's remarks. We find no abuse of discretion.

We now address the denial of appellant's Rule 29.15 motion after an evidentiary hearing. At the outset, we note that appellant's amended motion was signed only by appointed counsel and was therefore not verified by appellant, in violation of Rule 29.15(f). Verification of amended motions, as well as the original motion, is a jurisdictional prerequisite for consideration of the issues raised in the respective motions. *State v. Oxford*, 791 S.W.2d 396[2] (Mo. banc 1990). Our review is limited to grounds raised in the original motion. *Id.* The only allegation of appellant's *pro se* motion raised on appeal is ineffective assistance of counsel. Although the motion court considered the issues asserted in both motions, only the *pro se* motion was properly before it, and the amended motion should have been dismissed. *McCoy v. State*, 784 S.W.2d 854, 855[1] (Mo.App. 1990).

Appellate review of a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.-15(j). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Day v. State*, 770 S.W.2d 692, 695–96[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

To prevail on an ineffective assistance of counsel charge, appellant must demonstrate that (1) his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and (2) he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987), *cert denied, sub nom. Sanders v. Trickey*, —— U.S. ——, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989). Appellant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* In reviewing such a claim courts are not re-

quired to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. *Id.*

With these principles in mind, we examine appellant's allegation of ineffective assistance of counsel. Appellant contends his trial counsel was ineffective for failing to obtain the presence of his witness, Clara Jones.

A review of the trial transcript reveals that trial counsel called Jones as a witness. When she failed to appear, trial counsel requested additional time to find her and bring her in. The court took a brief recess at 10:30 a.m. In chambers, trial counsel stated the following:

> Her last name is Jones, and I talked to her yesterday afternoon. She was standing outside and saw the whole incident. Yesterday she was sick and she was unable to come in and testify and I talked to her this morning and she said she would be willing and was waiting for a ride. She said she did not know how she would get here. I think she is a material witness.

The court agreed to wait for fifteen minutes and announced the trial would continue at about 10:50 a.m. At approximately 10:55 a.m., court resumed. Trial counsel informed the court he had been advised that Jones had no transportation, and, therefore, the defendant would close his case.

A review of the evidentiary hearing transcript indicates conflicting testimony from trial counsel, appellant's mother and appellant as to whether: (1) Jones said she had a ride; (2) trial counsel promised to bring Jones to court; or (3) trial counsel told appellant to ensure Jones would be in court. Specifically, trial counsel testified at the evidentiary hearing that he did not subpoena or endorse the witness or file a written motion for a continuance to bring her in; however, he stated that he had talked to Jones twice before the trial at her home and had made arrangements to bring her in. Counsel testified that:

> At some part early in the trial I talked with her some time in the living room

with Carvel and she said she was coming and I told her I would need her the next morning and she told me she would have a ride. I told Carvel to pick her up or insure she would be here.

Counsel stated further that "[s]he told me she was willing to testify and would be here the next morning ... I did not feel I needed a subpoena. In fact, she would come in." Counsel testified he informed the court he had a witness he was trying to bring in and the court "gave me a couple of hours, gave me a lot of time." Counsel stated he called the witness, had trouble reaching her and asked how soon she could be in court. He stated further that Jones told him she was sick and did not have a ride. Counsel said he "tried to make some other arrangements ... talked to Carvel and his mother went to pick up Jones." Counsel stated he believed the court waited another hour, and then counsel informed the court the witness was still not there.

Leatha Eivorn (Eivorn), appellant's mother, testified at the evidentiary hearing that the appellant called her during the trial and asked her to pick up Jones for him. Eivorn stated Jones told her she did not have a ride arranged. Eivorn testified she arrived at the trial with Jones while trial counsel was talking to the jury.

Appellant testified at the evidentiary hearing that he met Jones on the day of trial when the court gave him time to go to the scene of the incident to investigate with trial counsel. When questioned as to whether Jones had witnessed the accident, appellant responded, "[n]o, she had not," although appellant later testified that "Miss Jones said she saw the whole accident." Appellant also stated that:

[s]he did not have any transportation at all. Said she would come to court if she had somebody to pick her up. At that time I asked Mr. Fenlon if he would bring her in and he said no because it was a small car and there wasn't any room.                          ∘

Appellant testified that when appellant and trial counsel talked with Jones, counsel "promised to give her a ride or a pony-back to bring her to testify." Appellant further stated that the second day of trial he called his mother's home and asked her to take off work and pick Jones up for trial. When asked if trial counsel made any attempt the second day of trial to bring in the witness to testify, appellant replied, "[n]o he did not." Appellant stated that Jones arrived at trial, but when he told trial counsel that Jones was there, the court said "it is three minutes late for her testimony."

■ We review the motion court's findings for clear error. Rule 29.15(j). In this case, the motion court found that trial counsel had assurance from Jones that she would appear in court. The court also determined that since Jones was cooperating with the defense, a subpoena was unnecessary. The court further determined that when Jones failed to appear, trial counsel told appellant to try to contact her. Appellant relies on *Porter v. State*, 596 S.W.2d 480 (Mo.App.1980) for the proposition that trial counsel have a responsibility to "make a reasonable personal effort to locate witnesses suggested by clients" and that the reasonableness of trial counsel's efforts depends on the facts in this case. *Porter*, at 482[4]. *Porter* is not helpful to appellant, however, since that case involved failure to locate and subpoena witnesses who were out of the court's jurisdiction and were cumulative alibi witnesses. *Id.* at 481–82[3, 4]. In this case, trial counsel located Jones and intended to call her as a witness. He was not ineffective for failing to subpoena Jones since she agreed to testify and counsel made arrangements with appellant to have her in court. The motion court determines the credibility of the witnesses. We defer to that discretion unless it is abused. We find no abuse.

Furthermore, when Jones failed to appear, trial counsel closed the case. A trial court has wide discretion in determining whether a party shall be allowed to reopen his case after the close of all the evidence. *Palmer v. State*, 791 S.W.2d 898, 905 (Mo. App.1990). In *Palmer*, trial counsel had not subpoenaed a surprise witness. When the witness failed to appear to testify, trial counsel obtained a recess to allow time for the witness to arrive. The witness did not

arrive in time to testify due to car trouble. When proceedings resumed, trial counsel informed the court the defense rested. Trial counsel was unable to obtain a continuance. The court determined that counsel was not ineffective. *Id.* at 905. Moreover, the court found that the hearing court was not required to assume the trial court would have allowed appellant to reopen his case when the witness appeared. *Id.* For this court to find the motion court in error in denying relief, we would have to assume the trial court would have granted a motion by trial counsel to reopen the evidence when Jones arrived. *Palmer, supra,* at 905[9]. Nothing in the record indicates the court would have granted such relief. We find no error.

■ Appellant also argues that trial counsel was ineffective for failing to request a continuance in order to produce Jones. Although appellant's amended motion sets forth this allegation, his *pro se* motion only alleges that Jones was denied the opportunity to testify on appellant's behalf and that counsel failed to contact Jones. As previously stated, we will address only the allegation set forth in the *pro se* motion. The record indicates that trial counsel contacted Jones and made a reasonable effort to produce her at trial, thereby giving her the opportunity to testify. Additionally, counsel requested and was granted time to contact Jones. The court could reasonably conclude that counsel was not ineffective. We find no error.

The burden of proving ineffective assistance of counsel is upon the appellant. *Sanders, supra,* at 857. Appellant has failed to meet this burden.

The judgments of the trial court and the motion court are affirmed.

CRANDALL, C.J., and ROBERT G. BRADY, Senior Judge, concur.